## FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1
5-2-00
sc

#010381

**(Inmate Number)**

Samuel E. Pullin's

**(Name of Plaintiff)**

230 Sanderson Street

**(Address of Plaintiff)**

Pottsville, PA. 17901

**vs.**

Commonwealth of Pennsylvania:
Individually And In Its Official
Capacity As Director Of State
**(Names of Defendants)** Office(s), ET AL.

**1 : CV00 - 0769**

**(Case Number)**

**COMPLAINT**

FILED
SCRANTON

APR 2 8 2000

PER ___
DEPUTY CLERK

**TO BE FILED UNDER:** ___ **42 U.S.C. § 1983 - STATE OFFICIALS**

___ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

I.    Previous Lawsuits

    A.    If you have filed any other lawsuits in federal court while a prisoner please list the caption
and case number including year, as well as the name of the judicial officer to whom it was
assigned:

This is a civil action authorized by 42 USC sec 1983 to
redress the deprivation, under color of state law, of
right secured by the constitution of the U.S. The court
has jurisdiction under 28 USC, sec. 1343. Plaintiff seek
declaratory relief pursuat to 28 USC, secs. 2201 and 22

II.    Exhaustion of Administrative Remedies

    A.    Is there a grievance procedure available at your institution?
___ Yes ___ No

    B.    Have you filed a grievance concerning the facts relating to this complaint?
___ Yes ___ No

        If your answer is no, explain why not _____

_____

    C.    Is the grievance process completed? ___ Yes ___ No

III.  Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use Item B for the names, positions and places of employment of any additional defendants.)

A.  Defendant _Commonwealth of Pennsylvania_ is employed

as _Director of State Dept._ at _Strawberry Square Harrisburg_
_PA, 17120_

B.  Additional defendants _(B1) Governor Tom Ridge as Governor of_
_P.A. at Strawberry Square Harrisburg, PA. 17120_
_B(2) Defendant Governor Office of PA. as Director_
_of Governor office at Strawberry Square Harrisburg,_
_PA. 17120_

IV.  Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra sheets if necessary.)

1.  On Tuesday, March 30TH 1999, at about 5:30 A.M.
Defendants, State Attorney General Agent(s), Sch. Co.
Sheriff(s), Sch. Co. Drug Task Force Agent(s), Pottsville
Bureau of Police Officer(s) and the Pottsville Republi-

2.  can and Evening Herald arrived at Plaintiff Home,
located at 310 N. 12TH Street, Pottsville PA. 17901.
#570-622-1930, whereupon Defendants knocked on
the front door. Plaintiff Step-son Marques Reaves

3.  answerd the front door. Defendants asked was
Plaintiff home. Plaintiff was at the top of the
stairs (on the second floor) looking at the front door.
Before Plaintiff Step-son could say anything.

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.  THE PlaINTIFF HAVE NO PlAIN, ADEQUATE OR COMPLETE REMEDY AT law To REDRESS THE WRONGS DE-SCRIBED HERE, IN, PlaINTIFF HAVE BEEN AND WIll CONTINUE TO BE IRREPARABLY INJURED BY THE CON-

2.  DUCT of THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY, INJUNCTIVE RElief THAT PlaINTIFF SEEK. WHEREAS PlaINTIFF RESPECTFULly PRAY THAT THIS COURT ENTER JUDGEMENT GRANT-

3.  ING PlaINTIFF: A MOVE IN THIS COURT FOR AN OR-DER APPOINTING COUNSEl, A MEMBER of THE PENN-SYlVANIA BAR, TO REPRESENT THEM BECAUSE THEY CANNOT AffORD TO EMPloY AN ATTORNEY.

Signed this __14th__ day of _____APRIL_____, 2000.

_____Samuel E. Pullins_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_APRIL 14th, 2000_          _____Samuel E. Pullins_____
(Date)                              (Signature of Plaintiff)

PlaintifF
#010381
Samuel E. Pullins
230 Sanderson Street
Pottsville, PA. 17901

1: CV00-0769

DATE: 14th Day of April, 2000.

FILED SCRANTON
APR 28 2000
PER _____
DEPUTY CLERK

RECEIVED SCRANTON
APR 24 2000
Pen _____
DEPUTY CLERK

VS.

Additional Defendants {PART I}

Governor Office of PA, individually and in its Official Capacity as Director of Governor Office.

Governor of PA, Tom Ridge, individually and in His Official Capacity as Superintendent of Governor Office.

Attorney General Office of PA, individually and in its Official Capacity as Director of Attorney General Office.

Attorney General of PA, Micheal Fisher, individually and in His Official Capacity as Superintendent of Attorney General Office.

Attorney General Deputy Press Secretary, Kevin F. Harley, individually and in His Official Capacity as Deputy Press Secretary.

Attorney General Bureu of Narcotics Investigation Office, individually and in its Official Capacity as Director of Attorney General Bureau of Narcotics Investigations.

Regional Director of Attorney General Bureau of Narcotics Investigation, Steven R. Wheeler, individually and in His Official Capacity as Director of Attorney General Bureau of Narcotics Investigations Office.

Senior Deputy Attorney General of PA, individually and in His Official Capacity as Lawrence M. Cherba and Director of Prosecution of Attorney General Office.

County of Schuylkill, individually and in its Official Capacity as Director of Schuylkill County.

County of Schuylkill Commissioner Office, individually and in its Official Capacity as Director of Sch. Co. Commissioner Office.

Commissioner of Sch. Co., Forrest L. Shadle, individually and in His Official Capacity as Superintendent of Sch. Co. Commissioner Office.

ADDITIONAL NAMES OF DEFENDANTS PART I

Commissioner of Sch. Co., JEROM P. KNOWLES, individually and in his official capacity as controler of commissioners office.

Commissioner of Sch. Co., STANLEY H. ToBASH, individually and in his official capacity as Commissioner of Sch. Co.

County of Sch. DRUG TASK force office, individually and in its official capacity as Director of Sch. Co. DRUG TASK force office.

County of Sch. DRUG TASK force AGENT/officer, ROBERT W. Phillips, individually and in his official capacity as AGENT/officer of Sch. Co. DRUG TASK force.

County of Sch. DRUG TASK force AGENT/officer, ROBERT BRUCE, individually and in his official capacity as officer/agent of Sch. Co. DRUG TASK force.

County of Schuylkill DRUG TASK force AGENT/officer, JEFF WAL cot, individually and in his official capacity as AGENT/officier of Sch. Co. DRUG TASK force.

County of Sch. DISTRICT Justice office, DISTRICT #21-3-02, individually and in its official capacity as Director of District #21-3-02

County of Sch. DISTRICT Justice office, DISTRICT #21-3-07, individually and in its official capacity as Director of Sch. Co. DISTRICT #21-3-07.

County of Sch. DISTRICT ATTORNEY office, individually and in its official capacity as Director of DISTRICT ATTORNEY office.

County of Sch. DISTRICT ATTORNEY, Claude A. lord SHIELDS, individually and in his official capacity as Superintendent of Sch. Co. DISTRICT ATTORNEY office!

County of Sch, FIRST ASSISTANT DISTRICT ATTORNEY, CHARLES BRE, individually and in his official capacity as Deputy DISTRICT ATTORNEY.

COUNTY OF Sch. ASSISTANT DISTRICT ATTORNEY, LEO BREZNIK, individually and in his official capacity as ASSISTANT DISTRICT ATTORNEY.

County of Sch. SHERIFFS office, individually and in its official capacity as DIRECTOR of Sch. Co. SHERIFFS office.

County of Sch. SHERIFF FRANCIS V. MCANDREWS, individually and in his official capacity as SHERIFF of Sch. Co.

City of POTTSVILLE, individually and in its official capacity as DIRECTOR OF THE CITY OF POTTSVILLE.

ADDITIONAL NAMES OF DEFENDANTS (PART I)

City of Pottsville Mayor Office, individually and in official capacity as director of the City of Pottsville Mayor Office.

City of Pottsville Mayor, Terence P. Reiley, individually and in his official capacity as Mayor of the city of Pottsville.

City of Pottsville Breau of Police Department, individually and in its official capacity as director of city of Pottsville Bureau of Police.

City of Pottsville Breau of Police Chief, Dale Repp, individually and in his official capacity as chief of the city of Pottsville Breau of Police.

City of Pottsville Breau of Police Captain, Micheal O'Toole, individually and in his official capacity as captain of the city of Pottsville Police.

City of Pottsville Breau of Police Officer, Cpl. Marlin J. Reed, individually and in his official capacity as Cpl. officer of the city of Pottsville Breau of Police.

City of Pottsville Breau of Police, Officer Richard F. Wojciechowsky, individually and in his official capacity as officer of the city of Pottsville Breau of Police.

City of Pottsville Breau of Police, Officer Gene Tray, individually and in his official capacity as officer of the city of Pottsville Breau of Police.

City of Pottsville Housing Authority, individually and in its official capacity as director of Pottsville Housing Authority.

The Pottsville Republican and Evening Herald, individually and in its official capacity as director of Pottsville Republican and Evening Herald.

City Councilman Office of Pottsville, individually and in its official capacity as director of City Councilman Office of Pottsville.

City of Pottsville Councilman Micheal P. Halcovage, individually and in his official capacity as councilman of the city of Pottsville.

City of Pottsville Councilman, James M. Shields, individually and in his official capacity as councilman to the city of Pottsville.

City of Pottsville Councilman Lawrence J. Lonergan, individually and in his official capacity as councilman to the city of Pottsville.

ADDITIONAL DEFENDANTS NAMES &PARTIS

CITY OF POTTSVILLE COUNCILMAN, DR. ARTHUR I. HARRIS III, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COUNCILMAN TO THE CITY OF POTTSVILLE.

DWIGHT DUCKETT, INDIVIDUALLY AND IN HIS OFFICIAL AS CI-158-98 TO SCH. CO. DRUG TASK FORCE / CITY OF POTTSVILLE BREAU OF POLICE DEPARTMENT.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE / INFORMATION AND BELIEF.

DATE; 14TH DAY OF APRIL, 2000.

SAMUEL E. PULLINS.

Samuel E. Pullins

#010381

SAMUEL E. PULLINS
230 SANDERSON STREET
POTTSVILLE, PA. 17901

## PART III. ADDITIONAL DEFENDANTS

B.(3) DEFENDANT, ATTORNEY GENERAL OFFICE OF PA. AS DIRECTOR OF ATTORNEY GENERAL OFFICE OF PA. AT STRAWBERRY SQUARE, 16TH FLOOR, HARRISBURG PA. 17120.

B.(4) DEFENDANT MICHEAL FISHER AS ATTORNEY GENERAL OF PA. AT STRAWBERRY SQUARE, 16TH FLOOR, HARRISBURG PA. 17120.

B.(5) DEFENDANT, KEVIN F. HARLEY AS ATTORNEY GENERAL DUPTY PRESS SECRETARY AT 16TH FLOOR, STRAWBERRY SQUARE, HARRIS- BRUG PA. 17120.

B.(6) DEFENDANT, ATTORNEY GENERAL BUREAU OF NARCOTICS IN- VESTIGATION OFFICE AS DIRECTOR OF BUREAU OF INVESTIGATION AT 16TH FLOOR, STRAWBERRY SQUARE HARRISBURG, PA. 17120.

B.(7) DEFENDANT, STEVEN R. WHEELER AS REGIONAL DIRECTOR OF ATTORNEY GENERAL BUREAU OF NARCOTICS INVESTIGATIONS AT 16TH FLOOR, STRAWBERRY SQUARE HARRISBRUG, PA. 17120.

B.(8) DEFENDANT, LAWRENCE M. CHERBA AS SENIOR DEPUTY ATTORNEY GENERAL OF PROSECUTION AT 16TH FLOOR, STRAW- BERRY SQUARE HARRISBURG, PA. 17120.

B.(9) DEFENDANT, COUNTY OF SCHUYLKILL AS DIRECTOR OF SCH. CO. AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE, PA. 17901-2520.

B.(10) DEFENDANT, COUNTY OF SCHUYLKILL COMMISSIONER OFFICE AS DIRECTOR OF SCH. CO. COMMISSIONER OFFICE AT SCHUYLKILL COUNTY COURT HOUSE, 401 N. SECOND STREET, POTTSVILLE, PA. 17901-2520.

B.(11) DEFENDANT, FORREST L. SHADLE AS COMMISSIONER OF SCH. CO. AT SCH. CO. COURTHOUSE, 401 N. 2ND STREET, POTTSVILLE PA. 17901-2520.

B.(12) DEFENDANT, JEROM P. KNOWLES AS COMMISSIONER OF SCH. CO. AT SCH. CO. COURTHOUSE, 401 N. 2ND STREET, POTTS- VILLE, PA. 17901-2520.

3.(13) DEFENDANT, STANLEY H. TOBASH AS COMMISSIONER OF SCH. CO. AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE PA. 17901-2520.

## PART III. ADDITIONAL DEFENDANTS

B.(14) DEFENDANT, COUNTY OF SCHUYLKILL DRUG TASK FORCE OFFICE AS DIRECTOR OF DRUG TASK FORCE OFFICE AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE, PA. 17901.

B.(15) DEFENDANT, ROBERT W. PHILLIPS AS OFFICER/AGENT OF SCH. CO. DRUG TASK FORCE AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET POTTSVILLE PA. 17901-2520.

B.(16) DEFENDANT, ROBERT BRUCE AS OFFICER OF SCH. CO. DRUG TASK FORCE AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET POTTSVILLE, PA. 17901-2520.

B.(17) DEFENDANT, JEFF WALCOT AS OFFICER/AGENT OF SCH. CO. DRUG TASK FORCE AT SCH CO. COURT HOUSE, 401 N. 2ND STREET POTTSVILLE, PA. 17901.

B.(18) DEFENDANT, COUNTY OF SCHUYLKILL DISTRICT JUSTICE OFFICE AS DIRECTOR OF DISTRICT #21-3-02 AT 2276 WEST MARKET STREET, POTTSVILLE, PA. 17901.

B.(19) DEFENDANT, CO. OF SCH. DISTRICT JUSTICE OFFICE AS DIRECTOR OF DISTRICT #21-3-07 AT 200 N. CENTRE STREET, POTTSVILLE, PA. 17901.

B.(20) DEFENDANT, CO. OF SCH. DISTRICT ATTORNEY OFFICE AS DIRECTOR OF DISTRICT ATTORNEY OFFICE AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE, PA. 17901-2520.

B.(21) DEFENDANT, CLAUDE A. lORD SHIELDS AS SUPERINTENDEN OF SCH. CO. DISTRICT ATTORNEY OFFICE AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE, PA. 17901-2520.

B.(22) DEFENDANT, CHARLES BRESSI AS FIRST ASSISTANT DISTRICT ATTORNEY AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE, PA. 17901-2520.

B.(23) DEFENDANT, LEO BREZNIK AS ASSISTANT DISTRICT ATTOR-NEY AT SCH. CO. COURT HOUSE, 401 N. 2ND STREET, POTTSVILLE, PA. 17901-2520.

B.(24) DEFENDANT, CO. OF SCH. SHERIFFS OFFICE AS DIRECTOR OF SCH. CO. SHERIFFS OFFICE AT SCHUYLKILL CO. COURT HOUSE, 401 N. 2ND STREET POTTSVILLE, PA. 17901-2520.

B.(25) DEFENDANT, FRANCIS V. MC ANDREWS AS OFFICER OF SCH. CO. SHERIFF DEPARTMENT/OFFICE AT SCH. CO. COURTHOUSE, 401 N. 2ND STREET, POTTSVILLE PA. 17901-2520.

B.(26) DEFENDANT, CITY OF POTTSVILLE AS DIRECTOR OF THE CITY OF POTTSVILLE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

PART III ADDITION NAMES OF DEFENDANTS

B.(27) DEFENDANT, CITY OF POTTSVILLE MAYOR OFFICE AS DIRETOR OF MAYOR OFFICE AT 4TH FLOOR, 301 N. CENTRE STREET, POTTSVILLE, PA. 17901.

B.(28) DEFENDANT, TERENCE P. REILEY AS SUPERINTENDANT OF THE CITY OF POTTSVILLE MAYOR OFFICE AT 4TH FLOOR, 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(29) DEFENDANT, CITY OF POTTSVILLE BUREAU OF POLICE AS DIRECTOR OF POTTSVILLE BUREAU OF POLICE AT 301 N. CENTRE STREET POTTSVILLE, PA. 17901.

B.(30) DEFENDANT, DALE REPP AS CHIEF OF THE CITY OF POTTSVILLE BUREAU OF POLICE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(31) DEFENDANT, MICHEAL O'TOOLE AS CAPTAIN OF POTTSVILLE BUREAU OF POLICE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(32) DEFENDANT, MARLIN J. REED AS CPL. OFFICER OF POTTSVILLE BUREAU OF POLICE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(33) DEFENDANT, GENE TRAY AS D.T. OFFICER OF POTTSVILLE BUREAU OF POLICE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901

B.(34) DEFENDANT, RICHARD F. WOJCIECHOWSKY AS OFFICER OF POTTSVILLE BUREAU OF POLICE AT 301 N. CENTRE STREET POTTSVILLE PA 17901.

B.(35) DEFENDANT, CITY OF POTTSVILLE COUNCILMAN OFFICE AS DIRECTOR OF POTTSVILLE COUNCILMAN AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(36) DEFENDANT, MICHEAL P. HALCOVAGE AS CITY COUNCILMAN OF POTTSVILLE AT 301 N. CENTRE STREET, POTTSVILLE PA. 17901.

B.(37) DEFENDANT, JAMES M. SHIELDS AS CITY COUNCILMAN OF POTTSVILLE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(38) DEFENDANT, LAWRENCE J. LONERGAN AS CITY COUNCILMAN OF POTTSVILLE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901

B.(39) DEFENDANT, ARTHUR I. HARRIS III AS CITY COUNCILMAN OF POTTSVILLE AT 301 N. CENTRE STREET POTTSVILLE PA. 17901.

B.(40) DEFENDANT, ~~ACTUAL~~ THE POTTSVILLE REPUBLICAN AND EVENING HERALD AS DIRECTOR OF POTTSVILLE REPUBLICAN AND EVENING HERALD AT 111 MAHANTONGO STREET POTTSVILLE PA. 17901.

PART III. ADDITIONAL NAMES OF DEFENDANTS

B.(41) DEFENDANT, CITY OF POTTSVILLE HOUSING, AUTHORITY AS DIRECTOR OF POTTSVILLE HOUSING AUTHORITY'S AT laurel STREET POTTSVILLE PA. 17901.

B.(42) DEFENDANT, DWIGHT DUCKETT AS CI-158-98 OF SCH Co DRUG TASK FORCE AT Sch. Co. COURT HOUSE, 401 N. 2ND STREET POTTSVILLE PA. 17901 / THE CITY OF POTTSVILLE BUREAU OF Police DEPARTMENT 301 N. CENTRE STREET, POTTSVILLE PA. 17901.

B.(43) EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY, AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF PENNSYLVANIA LAW, AS WELL AS CONSTITUTIONAL RIGHTS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE GOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF.

DATE: 14TH DAY OF APRIL, 200

SAMUEL E. PULLINS

Samuel E. Pullins

# 010381
Samuel E. Pullins
230 Sanderson Street
Pottsville, PA. 17901

DATE: April 14th 2000.

## PART IV. STATEMENT OF CLAIM CONTINUE

4. ONE DEFENDANT PUSHED THE DOOR OPEN GRABBING PLAINTIFF STEP-SON AROUND THE NECK SLAMMING HIM AGAINST THE WALL AS OTHER DEFENDANTS CAME IN BEHIND HIM RUNNING UP THE STAIRS TOWARDS PLAINTIFF.

5. DEFENDANT, GENE TRAY PUT THE CUFFS ON ME AS THE HAND CUFFS ON PLAINTIFF AS THE OTHER DEFENDANTS PROCEEDED IN SEARCHING MY HOUSE, 310 N. 12th STREET POTTSVILLE, PA. 17901, FROM ROOM TO ROOM ALL THREE FLOORS AND BASEMENT.

6. NOT SAYING WHAT THEY WAS LOOKING FOR OR WHY PLAINTIFF WAS BEING HAND-CUFFED. ONE DEFENDANT CAME OUT OF MY (STEP-DAUGHTER) LACEY REAVES ROOM UP STAIRS ON THE THIRD FLOOR WITH PILLS, ASKING WHAT THEY WHERE. PLAINTIFF GIRL FRIEND GINA ANDREWS SAID THEY WHERE DIET PILLS AS SHE PUT CLOTHES AND SNEAKERS ON PLAINTIFF.

7. PLAINTIFF ASKED DEFENDANT WHAT THEY WHERE LOOKING FOR AND WHY PLAINTIFF WAS BEING HAND CUFFED. DEFENDANT GENE TRAY SAID DON'T WORRY ABOUT IT WE HAVE A WARRANT FOR YOUR ARREST AFTER SEACHING MY HOME.

8. SEE EXHIBITS (B)-(B. 4) AND (C)-(C)5) CLEARLY SHOWES NO SEARCH WARRANT. DEFENDANTS PROCEEDED WITHOUT WARRANT FOR PLAINTIFF ARREST NOR READING OR ADVISING PLAINTIFF OF MIRAN-RIGHTS. PLAINTIFF WAS PUT IN PATROL CAR AND TRANSFERED TO DEFENDANT 21-3-07 DISTRICT JUSTICE OFFICE.

9. LOCATION 200 N. CENTRE STREET POTTSVILLE, PA. 17901. WHERE PLAINTIFF HAD FOREGONE A PRELIMINARY ARRAIGNMENT ON DRUG CHARGES, THEN TAKEN TO DEFENDANT 21-3-02 DISTRIC JUSTICE OFFICE.

10. WHERE AS PLAINTIFF HAD ANOTHER PRELIMINARY ARRAIGNMENT ON DRUG CHARGES WHEREAS POLICE CRIMINAL COMPLAINT, AFFI-DAVIT OF PROBABLE CAUSE, ARREST WARRANT WITHOUT ANY DRUG TASK FORCE MAKED MONEY / ANY DRUGS AS EVIDENCE SEE EXHIBITS (B)-(B)4) AND (C)5) CLEARLY SHOWS PLAINTIFF HADN'T

PART IV. STATEMENT of CLAIM CONTINUE

COMMITTED ANY CRIMES.

11. PLAINTIFF THEREAFTER TRANSPORTED TO SCH CO. PRISON 230
SANDERSON STREET, POTTSVILLE PA. 17901.

12. DEFENDANT COMMONWEALTH OF PA. IS LEGALLY RESPONSIBLE
FOR THE ACTIONS OF ITS EMPLOYEES HIRED WITHIN FOR THE
ACTIONS OF EMPLOYEES COMMITTED WHILE ACTING AS RE-
PRESENTATIVES OF THE STATE OF PENNSYLVANIA, IN THIS DRUG
RAID ON TUESDAY MARCH 30th 1999.

13. HENCEFORTH, DEFENDANTS GOVERNOR OFFICE, GOVERNOR TOM RI-
DGE, ATTORNEY GENERAL OFFICE, ATTORNEY GENERAL MICHEAL
FISHER, ATTORNEY GENERAL DEPUTY PRESS SECRETARY KEVIN F.
HARLEY, ATTORNEY GENERAL BUREAU OF NARCOTICS INVESTIGA-
TION OFFICE, ATTORNEY GENERAL REGIONAL DIRECTOR OF NARCOTIC
INVESTIGATION STEVEN R. WHEELER, SENIOR DEPUTY ATTORNEY
GENERAL LAWRENCE M. CHERBA ARE EMPLOYEES OF SAID DEFEND-
ANT.

14. AND IS HELD ACCOUNTABLE FOR THEIR ACTIONS. DEFENDANT
KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING
COMMENTS, REMARKS, STATEMENTS AND/OR ACTS COMMITTED IN
EXHIBITS (A) THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT
OF CLAIM AND V RELIEF, KNOWING THAT THEY VIOLATED PLAINTIFF
CONSTITUTIONAL RIGHTS AMENDMENTS

15. ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX
ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE
ARTICLE FIFTEEN SECTION ONE ETC. AS WELL AS RIGHTS SET
FORTH BY THE U.S. GOVERNMENT / PA LAW.

16. THUS DENYING PLAITIFF RIGHTS SECURED THERE OF UNDER THE
DUE PROCESS CLAUSE OF DOCUMENTS / GOVERNMENTAL
INSTITUTIONS.

17. DEFENDANT, GOVERNOR OFFICE OF PA., IS LEGALLY RESPONSIBLE
FOR THE OVERALL OPERATIONS OF GOVERNOR AND STATE OFFICES
AND THE OVERSEEING OF THESE STATE OFFICES AS WELL AS
EMPLOYEES ACTIONS IN THIS DRUG RAID.

18. HENCEFORTH, THIS DEFENDANT IS IN THIS DIRECTOR OF GOVERNOR
TOM RIDGE, ATTORNEY GENERAL OFFICE, ATTORNEY GENERAL MICHEAL
FISHER, ATTORNEY GENERAL DEPUTY PRESS SECRETARY KEVIN F.
HARLEY, ATTORNEY GENERAL BUREAU OF NARCOTICS INVESTIGATIONS
OFFICE.

PART IV. STATEMENT OF CLAIM CONTINUE

19. ATTORNEY GENERAL REGIONAL DIRECTOR OF NARCOTICS IN-
VESTIGATION BUREAU STEVEN R. WHEELER, SENIOR DEPUTY
ATTORNEY GEN. LAWRENCE M. CHERBA AND IS THEREFORE
RESPONSIBLE FOR DEFENDANTS ACTIONS WHILE DEFENDANTS
WAS ACTING AS STATE AGENCIES / AGENTS.

20. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOW-
ING COMMENTS, REMARKS, STATEMENTS AND/OR ACTS COMMITT-
IED IN EXHIBIT (A) THROUGH EXHIBITS (F) 17), COMPLAINT,
IV STATEMENT OF CLAIM AND V RELIEF, KNOWING THAT THEY
VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS

21. ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE,
ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SEC-
TION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS
SET FORTH BY THE UNITED STATES GOVERNMENT / PA
LAWS.

22. THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER
THE DUE PROCESS CLAUSE OF SAID DOCUMENTS / GOVERN-
MENTAL INSTITUTIONS.

23. DEFENDANT, GOVERNOR TOM RIDGE IS THE GOVERNOR
OF PA., THE SUPERINTENDANT OF GOVERNOR OFFICE AND IS
LEGALLY RESPONSIBLE FOR THE OPERATION OF STATE AGENCIES
IN THIS DRUG RAID ON TUESDAY, MARCH 30TH 1999.

24. HENCEFORTH, THIS DEFENDANT IS SUPERINTENDENT OF
ATTORNEY GENERAL OFFICE OF PA. ATTORNEY GEN. MICHEAL
FISHER; ATTORNEY GEN. DEPUTY PRESS SECRETARY, KEVIN F.
HARLEY; ATTORNEY GEN. BUREAU OF NARCOTICS INVESTIGATION
OFFICE; REGIONAL DIRECTOR OF ATTORNEY GEN. BUREAU OF NARCOTICS
INVESTIGATION, STEVEN R. WHEELER; SENIOR DEPUTY ATTORNEY GEN.
LAWRENCE M. CHERBA AND IS THERE FORE RESPONSIBLE FOR
THERE ACTIONS, WHILE DEFENDANTS WAS ACTING AS STATE
AGENCIES / AGENTS

25. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOW-
ING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED
IN EXHIBITS (A) THROUGH EXHIBITS (F) 17), COMPLAINT IV STATE-
MENT OF CLAIM AND V RELIEF KNOWING THAT THEY VIOLATED
PLAINTIFF CONSTITUTIONAL RIGHTS.

26. AMENDMENT ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE
FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN
SECTION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS

PART IV STATEMENT OF CLAIM CONTINUE
SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYL-
VANIA laws THUS DENYING PLAINTIFF RIGHTS SECURED THERE
OF UNDER THE DUE PROCESS Clause OF SAID DOCUMENTS /
GOVERNMENTAL INSTITUTIONS.

27. ATTORNEY GENERAL office, IS legally RESPONSIBLE FOR THE ACTION
OF ITS EMPLOYEES WITHIN AND FOR THE ACTIONS OF EMPLOYEES
COMMITTIED WHILE ACTING AS REPRESENTATIVES / AGENTS
OF THE STATE ATTORNEY GENERAL office WHILE INVESTIGATING
PLAINTIFF 5 MONTHS AS WELL AS PROSECUTING PLAINTIFF DOING
THIS DRUG RAID ON TUESDAY MARCH 30th 1999.

28. HENCEFORTH, DEFENDANTS ATTORNEY GEN. MICHEAl FISHER; ATTOR-
NEY GEN. DEPUTY PRESS SECRETARY, KEVIN F. HARLEY; ATTORNEY
GEN. BUREAU OF NARCOTICS INVESTIGATION office; REGIONAL DI-
RECTOR OF ATTORNEY GEN. BUREAU OF NARCOTICS INVESTIGATION,
STEVEN R. WHEELER; SENIOR DEPUTY ATTORNEY GENERAL LAW-
RENCE M. CHUBA ARE EMPLOYEES OF SAID DEFENDANT, AND IS HELD
ACCOUNTABLE FOR THEIR ACTIONS.

29. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE follow-
ING COMMENTS REMARKS, STATEMENTS / ACTS COMMITTIED IN
EXHIBITS (A), THROUGH EXHIBIT (F.) 17, complaint IV STATEMENT
OF CLAIM AND V RELIEF, KNOWING THAT THEY VIOLATED
PLAINTIFF CONSTITUTIONAL RIGHTS.

30. AMENDMENTS: ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE
FIVE, ARTICLE SIX, ARTICLE EIGHT ARTICLE TEN, ARTICLE FOURTEEN
SECTION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS
SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA
laws, THUS DENYING PLAINTIFF RIGHTS SECURED THE OF UNDER
THE DUE PROCESS Clause OF SAID DUCUMENTS / GOVERNMENT-
Al INSTITUTIONS.

31. DEFENDANT, ATTORNEY GEN. MICHEAl FISHER IS legally RE-
SPONSIBLE FOR THE OVERALL OPERATIONS OF EMPLOYEES WITH
IN THE ATTORNEY GEN. office AND THE OVERSEEING OF THEIR
ACTIONS, HENCEFORTH, THIS DEFENDANT IS THE SUPERINTENDANT OF
KEVIN F. HARLEY; DEPUTY PRESS SECRETARY; ATTORNEY GEN. BUREAU
OF NARCOTICS INVESTIGATION office; REGIONAL DIRECTOR OF NAR-
COTICS INVESTIGATION STEVEN R. WHEELER.

32. SENIOR DEPUTY ATTORNEY GEN. LAWRENCE M. CHERBA AND IS
THEREFORTH RESPONSIBLE FOR THERE ACTIONS THROUGHOUT THIS
13 MONTH INVESTIGATION AND PROSECUTION OF PLAINTIFF ON TUES-
DAY MARCH 30th 1999. WHILE ACTING AS STATE AGENCIES / AGENTS

PART IV STATEMENT OF CLAIM CONTINUE

33. DEFENDANT KNEW AND SHOULD HAVE KNOW FROM THE FOLLOWING COMMENT REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS:

34. AMENMENTS ARTICLE ONE, ARTICLE THREE ARTICLE FOUR, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS. THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DOCUMENTS / GOVERNMENTAL INSTITUTION.

35. DEFENDANT ATTORNEY GEN. DEPUTY PRESS SECRETARY, KEVIN F. HARLEY IS AND AGENT OF PRESS FOR ATTORNEY GEN. OFFICE DEFENDANT DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBIT (F) 17, COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF WILLFULLY SHOWING THROUGH OUT THE INVESTIGATION AND PROSECUTION OF PLAINTIFF,

36. THAT THEY VIOLATED PLAINTIFF CONSTITUTION RIGHTS AMENDMENTS, ARTICLE ONE, ARTICLE THREE ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN, ARTICLE FIFTEEN SECTION ONE

37. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

38. DEFENDANT, SENIOR DEPUTY ATTORNEY GEN. LAWRENCE M. CHERBA IS AND AGENT OF PROSECUTION FOR THE ATTORNEY GEN OFFICE. DEFENDANT DID, INFACT PROSECUTE PLAINTIFF IN DRUG RAID CASES KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS AND ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT OF CLAIM AND RELIEF

39. WILLFULLY SHOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS AMENDMENTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEE SECTION ONE, ARTICLE FIFTEEN SECTION ONE

40. AS WELL AS RIGHTS SET FORTH BY THY UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

PART IV STATEMENT OF CLAIM CONTINUE

41. DEFENDANTS ATTORNEY GEN. BUREAU OF NARCOTICS INVESTIGATION OFFICE IS LEGALLY RESPONSIBLE FOR THE ACTIONS OF IT EMPLOYEES HIRED WITHIN AND FOR THE ACTIONS OF EMPLOYEES COMMITTED WHILE ACTING AS REPRESENTATIVES, AGENTS OF THE BUREAU OF NARCOTICS INVESTIGATION OFFICE

42. WHILE INVESTIGATION WAS FORMED 5 MONTH BEFORE DRUG RAID ON TUESDAY MARCH 30TH 1999. HENCEFORTH, DEFENDANT STEVEN R. WHEELER IS EMPOLYEED BY SAID DEFENDANT AND IS HELD ACCOUNTABLE FOR THEIR ACTIONS.

43. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17), COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF, KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS.

44. AMENDMENTS: ARTICLE ONE ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURE THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

45. REGIONAL DIRECTOR OF ATTORNEY GENERAL BUREAU OF NARCOTICS INVESTIGATION, STEVEN R. WHEELER, IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF BUREAU OF NARCOTICS INVESTIGATIONS WITHIN THE BUREAU OF NARCOTICS INVESTIGATIONS AND THE OVERSEEING OF HIS SUBORDINATES FOR 5 MONTHS OF INVESTIGATION ON PLAINTIFF.

46. SHOWS PLAINTIFF DID NO WRONG, BUT WAS ARREST ON TUESDAY MARCH 30TH 1999. HENCEFORTH, DEFENDANT IS RESPONIBLE FOR HIS ACTIONS, DEFENDANT DID, INFACT INVESTIGATE PLAINTIFF BEFORE DRUG RAID, KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTED IN

47. EXHIBITS (A) THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF, WILLFULLY SHOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS. AMENDMENT ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSLYVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS

PART IV STATEMENT OF CLAIM CONTINUE

48. DEFENDANT COUNTY OF SCHUYLKILL, IS LEGALLY RESPONSIBLE FOR THE ACTIONS OF ITS EMPLOYEES HIRED WITHIN AND FOR THE ACTIONS OF EMPLOYEES COMMITTED WHILE ACTING AS REPRESENTATIVES, AGENCIES / AGENTS OF THE COUNTY OF SCH WHILE INVESTIGATING AND PROSECUTING PLAINTIFF FOR 13 MONTHS, WHEREAS PLAINTIFF DID NO WRONG, BUT WAS ARRESTED ON TUESDAY, MARCH 30th 1999. AN JAILED.

49. HENCEFORTH, DEFENDANTS, COUNTY OF SCH. COMMISSIONERS OFFICE, COMMISSIONER OF SCH., FORREST I. SHADIE; COMMISSIONER OF SCH. JEROM P. KNOWLES; COMMISSIONER OF SCH, STANLEY H. TOBASH; COUNTY OF SCH. DRUG TASK FORCE OFFICE; CO. OF SCH. DRUG TASK FORCE OFFICER, ROBERT W. PHILLIPS; COUNTY OF SCH. DRUG TASK FORCE OFFICER, ROBERT BRUCE; CO. OF SCH., DRUG TASK FORCE OFFICER JEFF WALCOT.

50. COUNTY OF SCH. DISTRICT JUSTICE OFFICE, DISTRICT #21-3-02; CO. OF SCH. DISTRICT JUSTICE OFFICE, DISTRICT #21-3-07; CO OF SCH. DISTRICT ATTORNEY OFFICE; CO. OF SCH. DISTRICT ATTORNEY, CLAUDE A. LORD SHIELDS; CO. OF SCH. FIRST ASSISTANT DISTRICT ATTORNEY CHARLES BRESSI; CO. OF SCH. ASSISTANT DISTRICT ATTORNEY, LEO BREZNIK; CO. OF SCH. SHERIFF OFFICE; CO OF SCH SHERIFF, FRANCIS V. MC ANDREWS

51. IS EMPLOYEED BY SAID DEFENDANT AND IS HELD ACCOUNTABLE FOR THEIR ACTIONS, DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE following COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTED IN EXHIBITS (A), THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

52. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL RIGHTS, AMENDMENT ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

53. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERMENTS / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

PART IV STATEMENT OF CLAIM CONTINUE

54. County of Schuylkill Commissioner(s) office, is legally Responsible for the actions of its employees hired within, and for the actions of employees committed while acting as commissioner(s) of Sch. Co. As Plaintiff was being investigations and prosecutied for 13 months.

55. Where as plaintiff did no wrong, but was arrested on Tuesday March 30th 1999 and jailed. Henceforth defendants commissioner of Sch. Co. Forrest L. Shadie; Commissioner Jerome P. Knowles; Commissioner of Sch. Co., Stanley H. Tobash is employeed by said defendant, and is held accountable for their actions defendant.

56. Defendant knew and should have known from the following comments remarks statements / acts committied in exhibits (A), through exhibits (F) 17) Complaint IV statement of claim and V relief, knowing that they violated plaintiff constitutional rights.

57. Amendments: article one, article three, article four, article five, article six, article eight, article ten, article fourteen section one, article fifteen section one as well as rights set forth by the united states government / Pennsylvania laws, thus denying plaintiff rights secured there of under the due process clause of said ducuments / governmental institutions.

58. Defendant, commissioner of Sch. Co., Forrest L. Shadie, responsible for the overall operations of employees within Sch. Co. commissioners office and the overseeing of commissioner(s) of Schuylkill County as plaintiff was being investigatied and prosecutied for 13 months.

59. Where as plaintiff did no wrong, but was arrestied on Tuesday, March 30th and jailed. Henceforth defendants commissioner Jerom P. Knowles; commissioner Stanley Tobash is employeed by said defendant and is held accountable for their actions.

60. Defendant knew and should have known from the following comments, remarks, statements, / acts committied in exhibits (A), through (F) 17), Complaint IV statement of claim and V relief, knowing that they violated plaintiff constitutional rights.

PART IV STATEMENT OF CLAIM CONTINUE

61. AMENDMENTS: ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE ARTICLE FIFTEEN SECTION ONE.

62. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

63. DEFENDANT, Commissioner OF SCH. CO. JEROM P. KNOWLES IS AND OFFICAL OF SCH. CO. COMMISSIONERS OFFICE, DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE Following Comments, REMARKS, STATEMENTS / ACTS COMMITTED IN. EXHIBITS (A) THROUGH EXHIBITS (F) 17). Complaint IV STATEMENT OF Claim AND IV RELIEF.

64. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS, ARTICLE ONE, ARTICLE THREE, ARTICLE, FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

65. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENTS / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

66. DEFENDANT, CO. OF SCH., STANLEY H. TOBASH IS AND OFFICIAL OF SCH. CO. COMMISSIONER OFFICE DEFENDANT KNEW AN SHOULD HAVE KNOWN FROM THE following Comments, REMARKS STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17) Complaint IV STATEMENT OF CLAIM AND IV RELIEF.

67. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS; AMENDMENTS ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

68. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENTS / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

PART IV STATEMENT OF CLAIM CONTINUE

69. DEFENDANT COUNTY OF SCHUYLKILL DRUG TASK FORCE OFFIC IS LEGALLY RESPONSIBLE FOR THE ACTIONS OF ITS EMPLOY- EES HIRED WITHIN, WHILE ACTING AS AGENTS/OFFICERS IN CO. OF SCH. DRUG TASK FORCE OFFICE, AS PLAINTIFF WAS BEING INVESTIGATIED AND PROSECUTTED FOR 13 MONTHS.

70. WHERE AS PLAINTIFF DID NO WRONG, BUT WAS ARRESTED ON TUESDAY, MARCH 30TH 1999 AND JAILED. HENCEFORTH DE- FENDANTS, ROBERT W. PHILLIPS, ROBERT BRUCE, JEFF WAL- COT, DWIGHT DUCKETT ARE ALL EMPLOYEES OF SAID DEFEND- ANT AND IS HELD ACCOUNTABLE FOR THEIR ACTIONS.

71. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATEMENTS/ACTS COMMIT- TIED IN EXHIBITS (A), THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF

72. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS, ARTICLE ONE, ARTICLE THREE, ARTI- CLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SEC- TION ONE.

73. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENTS/PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

74. DEFENDANT, CO. OF SCH. DRUG TASK FORCE OFFICER, ROBERT W. PHILLIPS, IS AND OFFICER/AGENT OF SCH. CO. DRUG TASK FORCE, DID IN FACT, KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING FROM A 5 MONTH INVESTIGATION AND DRUG RAID ON TUESDAY, MARCH 30TH ALSO 8 MONTHS OF PROSECUTION AFTER DRUG RAID.

75. WHERE AS PLAINTIFF DID NO WRONG, BUT WAS ARRESTED AND JAILED DEFENTANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATEMENTS/ ACTS COMMITTIED IN EXHIBITS (A), THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL RIGHTS.

PART IV STATEMENT OF CLAIM CONTINUE

76. AMENDMENTS, ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

77. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DOCUMENTS / GOVERNMENTAL INSTITUTIONS.

78. DEFENDANT, CO. OF SCH. DRUG TASK FORCE OFFICER, ROBERT BRUCE. IS AN OFFICE / AGENT OF SCH. CO DRUG TASK FORCE, DID INFAT KNOWINGLLY AND WILLINGLY MAKE THE FOLLOWING ACTS FROM A 5 MONTH INVESTIGATION AND DRUG RAID ON TUESDAY, MARCH 30TH ALSO 8 MONTHS OF PROSECUTION AFTER DRUG RAID.

79. WHERE AS PLAINTIFF DID NO WRONG, BUT WAS ARRESTED AND JAILED, DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A), THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT OF CLAIM, AND V RELIEF.

80. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS.

81. SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DOCUMENTS / GOVERNMENTAL INSTITUTIONS.

82. DEFENDANT, CO. OF SCH. DRUG TASK FORCE OFFICER, JEFF WALCOT, IS AN OFFICE / AGENT OF SCH CO. DRUG TASK FORCE, DID IN FACT KNOWINGLLY AND WILLINGLY MAKE THE FOLLOWING ACTS FROM A 5 MONTH INVESTIGATION AND DRUG RAID ON TUESDAY, MARCH 30TH ALSO 8 MONTHS OF PROSECUTION AFTER DRUG RAID.

PART IV STATEMENT OF CLAIM CONTINUE

83. WHERE AS PLAINTIFF DID NO WRONG, BUT WAS ARREST-IED AND JAILED. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATE-MENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT OF CLAIM, AND V RELIEF.

84. KNOWING THAT THEY VIOLAITIED PLAINTIFF CONSTITUTION-AL RIGHTS: AMENDMENTS: ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTI-CLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE AS WELL AS RIGHTS.

85. SET FORTH BY THE UNITED STATES GOVERNMENT / PENN-SYLVANIA LAWS. THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTS / GOVERNMENTAL INSTITUTIONS.

86. DEFENDANT, CO. OF SCH. DISTRICT JUSTICE OFFICE, DIS-TRICT #21-3-02, IS LEGALLY RESPONSIBLE FOR ALL ACTIONS BY EMPLOYEES HIRED WHILE SUCH PERSON IS ACTING FOR DISTRICT #21-3-02. HENCEFORTH JAMES REILEY IS EM-PLOYEED BY SAID DEFENDANT DISTRICT #21-3-02.

87. THUS PLACING DEFENDANT RESPONSIBLE FOR JUDGE JAMES REILEY ACTS, DID INFACT, KNOWINGLY AND WILLINGLY FROM A 5 MONTH INVESTIGATION AND DRUG RAID ON TUESDAY, MARCH 30TH 1999, ALSO 8 MONTHS OF PROSECTION FOLLOWING DRUG RAID.

88. WHERE AS PLAINTIFF DID NO WRONG, BUT WAS ARRESTIED AND JAILED DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17), COM-PLAINT IV STATEMENT OF CLAIM AND V RELIEF KNOW-ING THAT THEY VIOLAITIED PLAINTIFF CONSTIONAL RIGHTS:

89. AMENDMENTS, ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SEC-TION ONE.

PART IV STATEMENT OF CLAIM CONTINUE

90. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING PlAINTIFF RIGHTS SECURD THERE OF UNDER THE DUE PROCESS ClAUSE OF SAID DUCUMENTS / GOVERNMENTAl INSTITUTIONS.

91. DEFENDANT COUNTY OF SCHUYlKILL DISTRICT JUSTICE OFFICE, DISTRICT NO# 21-3-07, IS legally RESPONSIBlE FOR All ACTIONS BY EMPloyEES HIRED WHIlE SUCH PERSON IS ACTING FOR DISTRICT # 21-3-07. HENCEFORTH CHARLES V. MORAN IS EMPloyEED BY SAID DEFENDANT DISTRICT #21-3-07.

92. THUS PlACING DEFENDANT RESPONSIBlE FOR JUDGE CHARLE V. MORAN ACTS, DID INFACT, KNOWINGly AND WIllINGly FROM A 5 MONTH INVESTIGATION AND DRUG RAID ON TUESDAY MARCH 30TH 1999, AlSO, 8 MONTHS OF PROSECUTION FOLLOWING DRUG RAID.

93. WHERE AS PlAINTIFF DID NO WRONG, BUT WAS ARREST-IED AND JAIlED. DEFENDANT KNEW AND SHOUlD HAVE KNOWN FROM THE FOllOWING COMMENTS, REMARKS, STATE-MENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17, COMPlAINT IV STATEMENT OF ClAIM AND RElIEF V.

94. KNOWING THAT THEY VIOlATIED PlAINTIFF CONSTITUTIONAl RIGHTS. AMENDMENTS, ARTIClE ONE, ARTIClE, THREE, ARTIClE FOUR ARTIClE FIVE, ARTIClE SIX, ARTIClE EIGHT, ARTTClE TEN, ARTIClE FOURTEEN SECTION ONE, ARTIClE FIFTEEN SECTION ONE.

95. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYlVANIA laws, THUS DENYING PlAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS ClAUSE OF SAID DUCUMENTS / GOVERNMENTAl INSTITUTIONS.

96. COUNTY OF SCHUYlKILL DISTRICT ATTORNEY OFFICE, DEFENDANT IS lEGAlly RESPONSIBlE FOR THE ACTIONS OF ITS EMPloyEES HIRED WITHIN, WHILE ACTING AS REPRESENTATIVES OF CO. OF SCH. DISTRICT ATTORNEY OFFICE.

97. HENCEFORTH DEFENDANTS ClAUDE A. lORD SHIElDS, CHARLE BRESSI AND lEO BREZNIK ARE All EMPloyEES OF SAID DEFENDANT AND IS HElD ACCOUNTABLE FOR THEIR ACTIONS AS PlAINTIFF WAS BEING INVESTIGATIED AND PROSECUTIED FOR 13 MONTHS

PART IV STATEMENT OF CLAIM CONTINUE

98. WHERE AS PLAINTIFF DID NO WRONG, BUT WAS ARREST-
IED ON TUESDAY, MARCH 30TH 1999 AND JAILED. DEFEND-
ANT KNEW AND SHOULD HAVE KNOWN FROM THE FOLLOW-
ING COMMENTS, REMARKS, STATEMENTS / ACTS COMMIT-
TIED IN EXHIBITS (A), THROUGH EXHIBITS (F) 17, COMPLAINT
IV STATEMENT OF CLAIM AND V RELIEF.

99. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL
RIGHTS: AMENDMENTS; ARTICLE ONE, ARTICLE THREE, ARTICLE
FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN,
ARTICLE FOURTEEN SECTION ONE, ARTICLE, FIFTEEN SECTION
ONE.

100. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES
GOVERNMENTS / PENNSYLVANIA LAWS, THUS DENYING
PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PRO-
CESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

101. DEFENDANT SCH. CO. DISTRICT ATTORNEY, CLAUDE A. LORD SHIELD
IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS OF
EMPLOYEES HIRED WITHIN THE SCH CO. DA. OFFICE, AND THE
OVERSEEING OF ASSISTANT D.A. (S) CHARLES BRESSI AND LEO
BREZNIK ACTIONS IN D.A. OFFICE.

102. HENCEFORTH, THIS DEFENDANT IS HELD ACCOUNTABLE FOR
THIER ACTIONS AS DISTRICT ATTORNEY OFFICE PROSECU-
TIED FOR 8 MONTHS. DEFENDANT KNEW AND SHOULD HAVE
KNOWN FROM THE FOLLOWING COMMENTS, REMARKS, STATE-
MENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBIT
(F) 17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

103. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL
RIGHTS: AMENDMENTS; ARTICLE ONE, ARTICLE THREE, ARTICLE
FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE
TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION
ONE.

104. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATE GOVERN-
MENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF
RIGHTS SECURED THERE OF UNDER THE DUE PROCESS
CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

105. DEFENDANT, CO. OF SCH. FIRST ASSISTANT DISTRICT ATTOR-
NEY, CHARLES BRESSI, IS AND EMPLOYEE OF THE D.A. OFFICE
WHILE PROSECUTING PLAINTIFF FOR 8 MONTHS.

PART IV STATEMENT of CLAIM CONTINUE

106. DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT of CLAIM AND V RELIEF.

107. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE,

108. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

109. DEFENDANT, Co. of SCH. ASSISTANT DISTRICT ATTORNEY LEO BREZNIK, IS AND EMPLOYEE OF THE D.A. OFFICE, WHI PROSECUTING PLAINTIFF FOR 8 MONTHS.

110. DID, INFACT KNOWINGLLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT of CLAIM AND V RELIEF.

111. KNOWING THAT THEY VIOLATTED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

112. AS WELL AS RIGHTS SET FORTH BY UNITED STATES GOVERMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

113. DEFENDANT, COUNTY of SCHUYLKILL SHERIFFS OFFICE, IS LEGALLY RESPONSIBLE FOR THE EMPLOYEES HIRED WITHIN AND THEIR ACTIONS AS OFFICERS. HENCEFORTH, DEFENDANT FRANCIS V. MCANDREWS IS AND EMPLOYEE OF COUNTY OF SCH. SHERIFFS OFFICE / DEPARTMENT.

PART IV STATEMENT OF CLAIM CONTINUE

114. MAKING THIS DEFENDAN HELD ACCOUNTABLE FOR ACTIONS OF EMPLOYEES WITH IN WHO WAS PART OF THIS DRUG RAID AND INVESTIGATION OF PLAINTIFF 5 MONTHS BEFORE ARRESTING AND JAILING OF PLAINTIFF TUESDAY MARCH 30TH 1999.

115. DEFENDANT DID INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS / REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A), THROUGH EXHIBITS (F) 17), COMPLAINT III STATEMENT OF CLAIM AND IV RELIEF.

116. KNOWINGLY THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS: AMENDMENTS: ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

117. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PRO- CESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

118. DEFENDANT, COUNTY OF SCH. SHERIFF V. MCANDREWS, IS EMPLOYEED BY SCH. CO. SHERIFF OFFICE/DEPARTMENT AND DID PARTICIPATE INVESTIGATING PLAINTIFF IN THE DRUG RAID ON TUESDAY MARCH 30TH 1999, WHERE AS PLAINTIFF WAS ARRESTED AND JAILED.

119. DEFENDANT, DID INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17), COM- PLAINT # IV STATE-MENT OF CLAIM AND V RELIEF.

120. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS; AMENDMENT: ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE FIVE ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

121. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAIN- TIFF RIGHTS SECURED THERE OF UNDER THE DUE PRO- CESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

PART III STATEMENT OF CLAIM CONTINUE

122. DEFENDANT, CITY OF POTTSVILLE, IS LEGALLY RESPONSI
FOR THE ACTIONS OF ITS EMPLOYEES HIRED WITHIN A
THE ACTIONS OF EMPLOYEES COMMITTED WHILE
ACTING AS REPRESENTATIVES, AGENCIES, AGENTS, OFFIC
DEPARTMENTS, OFFICES OF THE CITY OF POTTSVILLE.

123. WHILE AS PLAINTIFF WAS BEING INVESTIGATED AND PR
SECUTED FOR 13 MONTHS, WHERE AS PLAINTIFF DID
WRONG, BUT WAS ARRESTED ON TUESDAY MARCH 30
1999, AN JAILED.

124. HENCEFORTH, DEFENDANT, MAYOR OFFICE; MAYOR, TERE
P. REILEY; POTTSVILLE BUREAU OF POLICE; POTTSVILLE CHIE
OF POLICE, DALE REPP; POTTSVILLE POLICE CAPTAIN, MICH
O'TOOLE; POTTSVILLE POLICE OFFICER, CPL. MARLIN J. REE
POTTSVILLE POLICE OFFICER, RICHARD F. WOJCIECHOW
POTTSVILLE POLICE D.T. OFFICER, GENE TRAY;

125. POTTSVILLE HOUSING AUTHORITY; POTTSVILLE REPUBLIC
AND EVENING HERALD; CITY COUNCILMAN OF POTTSVILLE
OFFICE; CITY COUNCILMAN, MICHEAL P. HALCOVAGE; CI
COUNCILMAN, JAMES M. SHIELDS; CITY COUNCILMAN
LAWRENCE J. LONERGAM; CITY COUNCILMAN, DR. ARTHU
I. HARRIS III; CI-158-98, DWIGHT DUCKETT.

126. ARE EMPLOYEED BY SAID DEFENDANT AND IS HELD A
COUNTABLE FOR THEIR ACTIONS. DEFENDANT KNEW AND
SHOULD HAVE KNOWN FROM THE FOLLOWING COMMENTS,
MARKS, STATEMENTS AND/OR ACTS COMMITTED IN EXH
BITS (A), THROUGH EXHIBITS (F) 17), COMPLAINT IV STATE
MENT OF CLAIM AND V RELIEF.

127. KNOWING THAT THEY VIOLATTED PLAINTIFF CONSTITU
AL RIGHTS. AMENDMENTS; ARTICLE ONE, ARTICLE THREE,
ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGH
ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE
FIFTEEN SECTION ONE.

128. AS WELL AS RIGHTS SET FORTH BY THE UNITED STAT
GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING
PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DU
PROCESS CLAUSE OF SAID DUCUMENTS /GOVERNME

PART IV STATEMENT OF CLAIM CONTINUE

129. DEFENDANT, CITY OF POTTSVILLE MAYOR OFFICE, IS LE-
GALLY RESPONSIBLE FOR THE ACTIONS OF ITS EMPLOYEES
HIRED WITHIN CITY OF POTTSVILLE MAYOR OFFICE. HENCE-
FORTH DEFENDANT TERENCE P. REILEY IS AND WAS EM-
PLOYEED BY SAID DEFENDANT.

130. AND IS HELD ACCOUNTABLE FOR THE ACTIONS OF ITS EM-
PLOYEES WITHIN WHO WAS PART OF THIS DRUG RAID AND
INVESTIGATION OF PLAINTIFF 5 MONTHS BEFORE ARRESTING
AND JAILING OF PLAINTIFF TUESDAY MARCH 30TH 1999.

131. DEFENDANT DID, INFACT KNOWINGLY AND WILLINGLY MAKE
THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS
COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17,
COMPLAINT IV STATEMENT OF CLAIM AND V RE-
LIEF

132. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITU-
TIONAL RIGHTS; AMENDMENTS; ARTICLE ONE, ARTICLE
THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE
EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE,
ARTICLE FIFTEEN SECTION ONE

133. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATE
GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING
PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE
PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

134. DEFENDANT, CITY OF POTTSVILLE MAYOR, TERENCE P.
REILEY, IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERA-
TIONS OF EMPLOYEES HIRED WITHIN THE MAYOR(S) OFFICE
AND THE OVERSEEING OF MAYOR OFFICE. HENCEFORTH, THIS
DEFENDANT IS HELD ACCOUNTABLE FOR ACTIONS OF MAYOR
AS PLAINTIFF WAS INVESTIGATIED AND PROSECUTIED FOR 13
MONTHS.

135. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE
FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COM-
MITTIED IN EXHIBITS (A) THROUGH (F) 17 COMPLAINT IV
STATEMENT OF CLAIM AND V RELIEF.

136. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL
AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE
FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE
TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN

PART IV STATEMENT OF CLAIM CONTINUE
SECTION ONE,

137. AS WELL AS RIGHTS SET FORTH BY THE UNITED
STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENY-
ING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE
DUE PROCESS CLAUSE OF SAID DUCUMENTAl INSTITU-
TIONS, ETC.

138. DEFENDANT, CITY OF POTTSVILLE BUREAU OF POLICE IS LE-
GALLY RESPONSIBLE FOR THE ACTIONS OF EMPLOYEES HIRED
WITHIN AS OFFICERS / AGENTS OF POTTSVILLE BUREAU OF
POLICE DEPARTMENT, AS PLAINTIFF WAS BEING INVESTI-
GATIED AND PROSECUTTED FOR 13 MONTHS. WHERE A PLAINTI
WAS ARRESTTED ON TUESDAY MARCH 30TH 1999 AND JAILED

139. HENCEFORTH, DEFENDANTS CHIEF DALE REPP; CAPTAIN
MICHEAl O'TOOle; CPl. MARLIN J. REED; RICHARD F.
WOJCIECHOWSKY; GENE TRAY; DWIGHT DUCKETT C.I.-
158-98 ARE All EMPLOYEES Of SAID DEFENDANT AND IS
HELD ACCOUNTABLE FOR THEIR ACTIONS.

140. DEFENDANT KNEW AND SHOULD HAVE KNOWN FROM THE
FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COM-
MITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17) COM-
PLAINT IV STATEMENT OF CLAIM AND V RELIEF.

141. KNOWING THAT THEY VIOLATED PLAINTIFF CONSTITUTIONAL
AMENDMENT RIGHTS: ARTICLE ONE ARTICLE THREE, ARTICLE
FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN
ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION
ONE.

142. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES
GOVERNMENT / PENNSYlVANIA laws, THUS DENYING
PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE
PROCESS CLAUSE OF SAID DUCUMENTAl INSTITUTIONS.

143. DEFENDANT, CITY OF POTTSVILLE BREAU OF POLICE CHIEF,
DALE REPP, IS LEGAlly RESPONSIBLE FOR THE OVERAll
OPERATIONS OF THE POTTSVILLE BREAU OF POLICE DE-
PARTMENT AND THE ACTIONS OF All EMPLOYEES HIRE
WITHIN. HENCEFORTH, DEFENDANT, CPl. MARLIN J. REED;
CAPTAIN MICHEAl O'TOOle; RICHARD F. WOJCIECHOWSKY;
GENE TRAY; DWIGHT DUCKETT, CI-158-98 ARE EMPLOYEED
BY SAID DEFENDANT.

PART IV STATEMENT OF CLAIM CONTINUE

144. THIS DEFENDANT IS ACCOUNTABLE FOR THE ACTIONS OF EMPLOYEES HIRED WITHIN POTTSVILLE POLICE DEPARTMENT AS PLAINTIFF WAS INVESTIGATIED AND PROSECUTIED FOR 13 MOS WHERE AS PLAINTIFF WAS ARRESTED AND JAILED, TUESDAY, MARCH 30th 1999.

145. DEFENDANT DID INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMEN / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

146. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTION AL AMENDMENTS RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

147. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

148. DEFENDANT, CITY OF POTTSVILLE POLICE OFFICER / AGENT CAPTAIN MICHEAL O'TOOLE IS LEGALLY RESPONSIBLE FOR INVESTIGATING AND ARRESTING THE PLAINTIFF WHEREAS PLAINTIFF WAS JAILED TUESDAY, MARCH 30th 1999.

149. DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

150. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

151. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

PART IV STATEMENT OF CLAIM CONTINUE

152. DEFENDANT, CITY OF POTTSVILLE POLICE OFFICER / AGENT, CPL. MARLIN J. REED, IS LEGALLY RESPONSIBLE FOR INVESTI-GATING AND ARRESTING PLAINTIFF WHERE AS PLAINTIFF WAS JAILED TUESDAY, MARCH 30th 1999.

153. DEFENDANT DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE following COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F)17, COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

154. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITU-TIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

155. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

156. DEFENDANT, CITY OF POTTSVILLE POLICE OFFICER / AGENT, RICHARD F. WOJCIECHOWSKY, IS LEGALLY RESPONSIBLE FOR INVESTIGATING AND ARRESTING PLAINTIFF WHERE AS PLAIN IFF WAS JAILED TUESDAY, MARCH 30th 1999.

157. DEFENDANT DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE following COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F)17) COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

158. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

159. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

160. DEFENDANT, CITY OF POTTSVILLE POLICE OFFICER / AGENT, GENE TRAY, IS LEGALLY RESPONSIBLE FOR INVESTIGATING AND ARRESTING PLAINTIFF WHEREAS PLAINTIFF WAS JAILED

PART IV STATEMENT OF CLAIM CONTINUE
TUESDAY, MARCH 30TH 1999.

161. DEFENDANT DID, INFACT KNOWINGLY AND WILLINGLY MAKE
THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS
COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17),
COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

162. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITU-
TIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE
ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT
ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE
FIFTEEN SECTION ONE.

163. AS WELL AS RIGHTS SET FORTH BY THE UNITED
STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS
DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER
THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL
INSTITUTIONS.

164. DEFENDANT, CITY OF POTTSVILLE OFFICER / AGENT, DWIGHT
DUCKETT, CI-158-98, IS LEGALLY RESPONSIBLE FOR FALSE RE-
PORTS, TAINTE FALSE EVIDENCE THROUGHOUT THIS INVESTIGATION,
AND PROSECUTION OF PLAINTIFF FOR 13 MONTHS. WHEREAS PLAIN
IFF WAS ARRESTED AND JAILED, TUESDAY, MARCH 30TH 1999.

165. DEFENDANT DID, INFACT KNOWINGLY AND WILLINGLY MAKE
THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS
COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17),
COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

166. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONA
AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTI-
CLE FOUR, ARTICLE FIVE ARTICLE SIX, ARTICLE EIGHT, ARTICLE
TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN
SECTION ONE.

167. AS WELL AS RIGHTS SET FORTH BY THE UNITED
STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS
DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER
THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL
INSTITUTIONS.

PART IV STATEMENTS OF CLAIM CONTINUE

168. DEFENDANT, CITY OF POTTSVILLE, HOUSING AUTHORITY, IS LEGALLY RESPONSIBLE FOR FALSE INFORMATION, TAINTED EVIDENCE, THROUGHOUT THIS INVESTIGATION AND PROSECUTION OF PLAINTIFF FOR 13 MONTHS AS WELL AS MONTHS BEFORE THIS INVESTIGATION WHERE AS PLAINTIFF GIRL FRIEND FOR 12 YEARS. GINA ANDREWS WAS PUT OUT HER APARTMENT, 661 JOHN O'HARA ST,

169. POTTSVILLE, PA. 17901. BECAUSE PLAINTIFF WAS BARIED OUT OF ALL HOUSING AUTHORITY DEVELOPMENT DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17), COM-PLAINT IV STATEMENT OF CLAIM AND V RELIEF.

170. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

171. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DOCUMENTAL INSTITUTIONS.

172. DEFENDANT, THE POTTSVILLE REPUBLICAN AND EVENING HERALD, IS LEGALLY RESPONSIBLE FOR SLANDER IN MY NAME PRINTING FALSE REPORTS, TAINTIED EVIDENCE, ETC. THROUGHT OUT THE ARREST OF PLAINTIFF AS WELL AS PROSECUTION WITHOUT INVESTIGATING ANY REPORTS / EVIDENCE TOWARDS PLAINTIFF.

173. DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17, COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

174. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

PART IV STATEMENT OF CLAIM CONTINUE

175. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING Plaintiff RIGHTS SECURED THERE OF UNDER THE DUE PROCESS Clause Of SAID DUCUMENTAL INSTITUTIONS.

176. DEFENDANT, CITY OF POTTSVILLE COUNCILMAN Office, IS lEGALLY RESPONSIBLE FOR THE OVERALL OPERATIONS AND ACTIONS OF EMPLOYEES HIRED WITHIN THE CITY OF POTTSVILLE.

177. HENCEFORTH, DEFENDANTS COUNCILMAN, MICHEAL P. HALCOVAGE; JAMES M. SHEIDS, COUNCILMAN; COUNCILMAN, lAWRENCE J. lONERGAN; COUNCILMAN, DR. ARTHUR l. HARRIS III; CITY OF POTTSVILLE BREAU OF POlICE DEPARTMENT; CITY OF POTTSVILLE HOUSING AUTHORY ARE EMPLOYEED BY THIS DEFENDANT AN IS HELD ACCOUNTABLE FOR THEIR ACTIONS WITHIN THE CITY OF POTTSVILLE.

178. DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOllOWING COMMENTS, REMARKS, STATEMENTS / ACT COMMITTIED IN EXHIBITS (A) THROUGH H EXHIBITS (F) 17, COMPlAINT IV STATEMENT OF ClAIM AND RElIEF V.

179. KNOWING THAT THEY VIOlATIED PlAINTIFF CONSTITUTIONAl AMENDMENT RIGHTS. ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

180. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA lAWS, THUS DENYING PlAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS Clause Of SAID DUCUMENTAL INSTITUTIONS.

181. DEFENDANT, CITY COUNCILMAN OF POTTSVILLE, MICHEAl P. HAlCOVAGE, IS A EMPLOYEE OF CITY COUNCILMAN Office, HENCEFORTH MAKING HIS PERSON HELD ACCOUNTABLE FOR HIS ACTIONS AND OTHER DEFENDANTS IN THE INVESTIGATION AND PROSECUTION OF PlAINTIFF FOR 13 MONTHS. WHEREAS PlAINTIFF WAS ARRESTIED AND JAID, TUESDAY, MARCH 30TH 1999.

PART IV STATEMENT OF CLAIM CONTINUE

182. DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTED IN EXHIBITS (A) THROUGH EXHIBITS (F)17, COMPLAINT IV STATEMENT OF CLAIM AND RELIEF V.

183. KNOWING THAT THEY VIOLATTED PLAINTIFF CONSTITUTIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

184. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

185. DEFENDANT, CITY COUNCILMAN OF POTTSVILLE, JAMES M. SHIELDS, IS LEGALLY A EMPLOYEE OF CITY COUNCILMAN OFFICE HENCEFORTH MAKING HIS PERSON HELD ACCOUNTABLE FOR HIS ACTIONS AND OTHER DEFENDANTS IN THE INVESTIGATION AND PROSECUTION OF PLAINTIFF FOR 13 MONTHS. WHEREAS PLAINTIFF WAS ARRESTED AND JAILED, TUESDAY MARCH 30th 1999.

186. DEFENDANT, DID INFACT KNOWINGLY AND WILLINGLY MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS COMMITTED IN EXHIBITS (A) THROUGH EXHIBITS (F)17, COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

187. KNOWING THAT THEY VIOLATTED PLAINTIFF CONSTITUTIONAL AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTICLE FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN SECTION ONE.

188. AS WELL AS RIGHTS SECURED, SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAINTIFF RIGHTS SECURED, THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAL INSTITUTIONS.

PART IV STATEMENT OF CLAIM CONTINUE

189. DEFENDANT, CITY COUNCILMAN OF POTTSVILLE, LAWREN
J. LONERGAN, IS A EMPLOYEE OF CITY COUNCILMAN OFF
HENCE FORTH MAKING HIS PERSON HELD ACCOUNTABLE
FOR HIS ACTIONS AND OTHER DEFENDANTS IN THE INVE
GATION AND PROSECUTION OF PLAINTIFF FOR 13 MONT
WHERE AS PLAINTIFF WAS ARRESTED AND JAILED, TUES
MARCH 30th 1999.

190. DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY
MAKE THE FOLLOWING COMMENTS, REMARKS, STATEMEN
/ ACTS COMMITTIED IN EXHIBITS (A) THROUGH EXHIB
(F) 17, COMPLAINT IV STATEMENT OF CLAIM AND IV
RELIEF.

191. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITUTIO
AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE, ARTIC
FOUR, ARTICLE FIVE, ARTICLE SIX, ARTICLE EIGHT, ARTIC
TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIFTEEN
SECTION ONE.

192. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATE
GOVERNMENT / PENNSYLVANIA LAWS, THUS DENYING PLAI
TIFF RIGHTS SECURED THERE OF UNDER THE DUE PRO-
CESS CLAUSE OF SAID DUCUMENTAl INSTITUTIONS.

193. DEFENDANT, CITY COUNCILMAN OF POTTSVILLE, DR. ARTHUR
HARRIS III, IS A EMPLOYEE OF CITY COUNCILMAN OFFICE
HENCE FORTH MAKING HIS PERSON HELD ACCOUNTABLE
FOR HIS ACTIONS AND OTHER DEFENDANTS IN THE INVES
GATION AND PROSECUTION OF PLAINTIFF FOR 13 MONTHS
WHERE AS PLAINTIFF WAS ARRESTED AND JAILED, TUESDA
MARCH 30th 1999.

194. DEFENDANT, DID, INFACT KNOWINGLY AND WILLINGLY MAKE
THE FOLLOWING COMMENTS, REMARKS, STATEMENTS / ACTS
COMMITTIED IN EXHIBITS (A) THROUGH EXHIBITS (F) 17),
COMPLAINT IV STATEMENT OF CLAIM AND V RELIEF.

195. KNOWING THAT THEY VIOLATIED PLAINTIFF CONSTITU-
TIONAl AMENDMENT RIGHTS; ARTICLE ONE, ARTICLE THREE
ARTICLE FOUR, ARTICLE FIVE ARTICLE SIX, ARTICE EIGHT
ARTICLE TEN, ARTICLE FOURTEEN SECTION ONE, ARTICLE FIF
TEEN SECTION ONE.

PART IV STATEMENT OF CLAIM CONTINUE

196. AS WELL AS RIGHTS SET FORTH BY THE UNITED STATES GOVERNMENT / PENNSYLVANIA laws, THUS DENYING PLAINTIFF RIGHTS SECURED THERE OF UNDER THE DUE PROCESS CLAUSE OF SAID DUCUMENTAl INSTITUTIONS.

197. DEFENDANTS ARE HELD ACCOUNTABLE FOR ACTIONS AGAINST PLAINTIFF KNOWINGLY AND WILLINGLY WITH MALICIOUS PROSECUTION, FALSE INFORMATIONS, FALSE OBSERVATIONS, FALSE REPORTS / FALSE STATEMENTS, REGARDING PLAINTIFF ALLEGED PARTICIPATION IN THE ALLEGED OFFENSES, HARASSMENT OF PAST CASES # 657,1995; # 156, 1999 WHICH RESOLTED IN DISMISSED CHARGES ETC.

198. RESULTING IN DEFAMATION OF CHARACTER, HARASSMENT SLANDER, FALSE IMPRISONMENT, ILLEGALLY SEARCH OF PLAINTIFF HOME (WITHOUT SEARCH WARRANTS) MENTAL AND PHYSICAL STRESS, MENTAL AND PHYSICAL CRUELTY.

199. WILLFULLY SHOWING GROSS DISREGARD OF PLAINTIFF RIGHTS DEPRIVED OF BY STATE of PA.; CO. of SCH. AND CITY OF POTTSVILLE laws AS WELL AS PLAINTIFF CONSTITUTIONAL RIGHTS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF.

DATE: 14TH DAY OF APRIL, 2000.
SAMUEL E. PULLINS
_Samuel E. Pullins_

#010381
Samuel E. Pullins
230 Sanderson Street
Pottsville, PA. 17901


PART II RELIEF CONTINUE

(3) A) This motion is based on plaintiff affidavis in support of their motion for leave to proceed in forma pauperis and for appointment of counsel, legal authority for appointment and compensation of counsel is 28 U.S.C. Sec 1915(d) and 18 U.S.C. Sec. 3006 A(G), as interpreted in McClain vs. Manson, 343 F. Supp. 382 (D.Conn. 1972).

4. A declaratory judgement that the defendants acts, policies and practies described here in violate plaintiff rights under the United States constitution.

5. A preliminary and permanent injunction which:
A) Prohibit defendants, their agents, employees, successors in office and all other persons in active concert and participation with them from harassing, threating punishing or retaliating in any way against any plaintiff because he or she filed this action or against any person because they submitted affidavits in this case on behalf of the plaintiff.

6. Compensatory damages in the amount of $200,000 from all defendants and each of them, to plaintiff Samuel E. Pullins.

7. Punitive damages in the amount of $200,000 from all defendants and each of them, to plaintiff Samuel E. Pullins.

8. A trial by jury on all issues triable by jury.

9. Plaintiff cost of this suit.

10. Such other end further relief as this court may deem just, proper and equitable.

PART V RELIEF CONTINUE

DATE: 14th DAY of APRIL, 2000.

RESPECTFULLY SUBMITTED,
SAMUEL E. Pullins
Samuel E. Pullins
IN PROPIA PERSONAM

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY
VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE
EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND
BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE
TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT
THE FOREGOING IS TRUE AND CORRECT.
        EXECUTED AT SCH. CO. PRISON, 230 SANDER
SON ST, POTTSVILLE, PA. 17901.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PLAINTIFF
#010381
SAMUEL E. Pullins
230 SANDERSON ST.
POTTSVILLE, PA. 17901

Full NAME of PERSON MAKING THE STATEMENT
HERE BY DECLARES: Gina M. Andrews
WRITE STATEMENT HERE:

Between 7:30 and 8:00 Am. On MARCH 30th, THERE WAS A LOUD KNOCK at the
front door. I heard my son at the door talking next thing I knew the door
banged of the wall, MARQUES was yelling & then there was people running
up the steps. I was in the bedroom getting dressed when 2 cops
pulled sam out of bed put him up against the wall cuffed him & told
him he's under arrest for selling drugs. then 2 more cops ran past
in the Hallway up to the 3rd floor. I could Hear them walking in &
out the bedrooms they came down to me asking me who's room is in
the front and what is this. He was holding my daughters vitamins.
I told him it's my daughters room and they are her vitamins.
My son MARQUES was downstairs crying I called to him I'm coming
calm down. But first I had to put clothes on sam (pants & shoes)
finally I calmed down a bit it was then that I asked the officer
where is the warrant to search my house. No one answered
they just took SAM out into the car.

I DECLARE UNDER PENALTY of PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT. EXECUTED AT (CITY)
(STATE) ON (DATE) (ADDRESS AND SIGNATURE).
310 N. 12th St. Pottsville, Pa. 17901

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PLAINTIFF
#010381
SAMUEL E. PULLINS
230 SANDERSON ST.
POTTSVILLE, PA. 17901

FULL NAME OF PERSON MAKING THE STATEMENT
HEREBY DECLARES: Marques Reaves
WRITE STATEMENT HERE:

On Tuesday March 30th about 7:30 - 8:00 A.M. I was
sitting at the table reading a magazine waiting to go to
school. When I heard people talking outside, Then I heard them
walking up the front steps. I started walking to the door to
see who it was then they knocked loudly. I opened the door
slowly to see who it was. They said is Samuel Pullins
here? I said yes and they said "can we come in" I
replied by saying no wait here until I get him. And
then I turned around and they rushed in quickly. Without
showing me a warrant. And then I said stop dont you have to have
a warrant? Dont you have too have a warrant to search somebody's
house? One cop stayed at the bottom of the steps one at the
door and another ran to the basement, and several others
ran upstairs. Meanwhile I was still telling them they have
too show me a warrant. I was about to go up stairs to go
get him when the cop standing against the wall at the
bottom of the steps shoved me hard over towards the table,
and I hurt my leg.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE-
GOING IS TRUE AND CORRECT. EXECUTED AT (CITY) (STATE)
(ADDRESS AND SIGNATURE) 310 N. 12th St.  Pottsville P.A. 17901

Marques Reaves

EXHIBITS (A)1

OPC 417-91

**COMMONWEALTH OF PENNSYLVANIA**

**COUNTY OF** SCHUYLKILL

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody

(Name): PULLINS, SAMUEL E   DOB:  8/03/65 M BLACK
(Address): 310 NORTH 12TH ST.
POTTSVILLE, PA 17901

If the defendant be found in said Commonwealth, and bring the defendant before us at

(Address): JAMES REILEY
200 NORTH CENTRE STREET
POTTSVILLE, PA 17901

to answer the Commonwealth or POTTSVILLE CITY

(Political Subdivision)

upon the complaint or citation of   O'TOOLE, MICHAEL
charging the defendant with   35 $780-113 $$A16
INV: POSS CONTR SUBST BY PER NOT REG
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this

18th day of March, 19 99.

**SEAL**

(Signature)

Magisterial District No.:   21-3-07

Citation No.:
Docket No.:   FILED: 3/16/99
CR-0000069-99
OTN: F 165562-4

Amount needed to satisfy collateral: $

Reason for warrant:   FELONY

COPY : DEFENDANT

Amount required to satisfy sentence:
Fine: $
*Costs:$
*Other:$
Total: $

---

**RETURN WHERE DEFENDANT IS FOUND**

By authority of this warrant 3/25 19

☐ He is now at liberty on bail posted before

☒ I took into custody the within named

(Signature of Officer - Name & Title)

☐ in the _____ jail.

☐ before you for disposition.

☒ I accepted a guilty plea and collected
$

☐ I accepted a not guilty plea and collected $ _____ for collateral.

☐ I accepted the fine and costs due in the amount of
$

**RETURN WHERE DEFENDANT IS NOT FOUND**

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

_____
TITLE

---

**WARRANT OF ARREST**

WARRANT CONTROL NO.:
1882528
DOCKET NUMBER:
CR-0000069-99

**COMMONWEALTH OF PENNSYLVANIA**

vs.

PULLINS, SAMUEL E

OFFENSE DATE   11/13/98
CHARGE
35 $780-113 $$A16

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of
$

(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of
$

Officer's costs:
Warrant
Miles @    ¢
Commitments
Miles @    ¢
Conveying to hearing
Miles @    ¢
Total

EXHIBIT (B)

Criminal Court Form No. 01

# COMMONWEALTH OF PENNSYLVANIA

## Vs.

_Samuel E. Phillips_

Defendant

Before District Justice _James H. Kelley_ .................................... Docket No. _CR-69-99_

Date of Arrest or Process ........................................ Prelim. Hg. set for ........................................ 19........

Offense(s) charged _int poss contr subst / manuf/sel/ xxx w int del (2)_
_MDM ca_

District Justice

---

To Be Completed by Defendant:

Address _310 N 12 ST. Pottsville PA 17501_ Phone _628-1730_
No.     Street     Town     State     Zip

## YOU ARE ENTITLED TO BE REPRESENTED BY A LAWYER IN ALL PROCEEDINGS IN THIS CASE

Your Lawyer's Name ........................................................................ Phone ........................................

Address ........................................................................................................................

Have you contacted this lawyer? ................................ Did he agree to represent you? ................................

If you have not contacted your lawyer, when will you contact him? ........................................................

## IF YOU FEEL YOU CANNOT AFFORD AN ATTORNEY OF YOUR CHOICE, YOU MAY BE ENTITLED TO THE SERVICES OF THE PUBLIC DEFENDER.

Do you wish to apply for Public Defender Services? _yes_ If "yes", you will shortly receive notice of an appointment for an interview which you will be required to keep.

## WHILE IT IS NOT ADVISABLE TO DO SO, YOU MAY WAIVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY.

Is it your intention to waive the right to be represented by a lawyer? _no_

Date: _30_ .......... 19 _99_          _Samuel E. Phillips_
Defendant

---

This form shall be completed in the office of the District Justice when the Defendant **FIRST** appears there and shall be forwarded **IMMEDIATELY** by the District Justice to the Court Administrator.

Ct. Admr. — White     D.A. — Green     P.D. — Canary     J.P. — Pink     Defendant — Goldenrod                    Eastern Press

_EXHIBIT-(B1)_

# POLICE
# CRIMINAL COMPLAINT

...TH OF PENNSYLVANIA
...SCHUYLKILL

...al District Number: 21-3-07

District Justice Name: Hon. JAMES K. REILEY

Address:
200 NORTH CENTRE STREET
POTTSVILLE PA 17901

Telephone: (717) 622-9181

Docket No.: CR-69-99

Date Filed: 3/16/99

OTN: F 166562-4

**COMMONWEALTH OF PENNSYLVANIA**

**VS.**

DEFENDANT:
NAME and ADDRESS

SAMUEL E. PULLINS
310 NORTH 12TH STREET
POTTSVILLE, PA 17901

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☐ White ☐ Asian ☒ Black ☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female ☒ Male | 08/03/1965 | 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 | |

| Defendant's A.K.A. | Defendant's Vehicle Information: | | | Defendant's Driver's License Number |
|---|---|---|---|---|
| E | Plate Number    State    Registration Sticker (MM/YY) | | | State PA 23175854 |

| Complaint/Incident Number | Complaint/Incident Numbers if other Participants | UCR/NIBRS Code |
|---|---|---|
| 10398-98T | | 181 |

District Attorney's Office    ☐ Approved    ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing Pa.R.Cr.P. 107.)

_____    _____    _____
(Name of Attorney for Commonwealth - Please Print or Type)    (Signature of Attorney for Commonwealth)    (Date)

I, MICHAEL J. O'TOOLE/ ROBERT W. PHILLIPS /ROBERT BRUCE, OAG     123/ 11 /BNI
(Name of Affiant-Please Print or Type)    (Officer Badge Number/I.D.)

of SCHUYLKILL COUNTY DRUG TASKFORCE     PA0540700     10398-98T
(Identify Department or Agency Represented and Political Subdivision)    (Police Agency ORI Number)    (Originating Agency Case Number (OCA))

do hereby state: (check the appropriate box)

1. ☒ I accuse the above named defendant, who lives at the address set forth above
   ☐ I accuse an defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at  310 NORTH 12ST STREET
                                                                            (Place-Political Subdivision)
   POTTSVILLE, PA  5TH WARD
   in  SCHUYLKILL  County on or about  0154 HRS, 13 NOVEMBER, 1998
   Participants were: (if there were participants, place their names here, repeating the name of the above defendant)
   SAMUEL E. PULLINS

2. The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statue allegedly violated without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

Act 64 The Controlled Substance, Drug, Device and Cosmetic Act
Section 13(a) Prohibited Acts; Penalties
Sub Section 16 Possession of Controlled or Counterfeit Substance

RECEIVED
MAR 16 1999
By_____

IN THAT, on or about said date, THE DEFENDANT, SAMUEL E. PULLINS, not being registered under the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, nor a practitioner registered or licensed by the appropriate State Board, and not a valid prescription order or order of a practioner, did knowingly or intentionally possess a controlled or counterfeit substance, NAMELY COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, in violation of Section 13(a)(16) of the PA Controlled Substance, Drug, Device and Cosmetic Act. (Act 64 13(a)(16))

AOPC 412-(4/96) (Internet Version)

1-3   EXHIBIT-(B.2)

Name: SAMUEL E. PULLINS

Docket Number: CR-69-99



**POLICE**
**CRIMINAL COMPLAINT**

Act 64 The Controlled Substance, Drug, Device and Cosmetic Act
Section 13(a) Prohibited Acts; Penalties
Sub Section 30 Manufacture, Deliver, Possess With Intent To Deliver a
Controlled Substance

IN THAT, on or about said date, THE DEFENDANT, SAMUEL E. PULLINS, not being registered
under the Controlled Substance, Drug, Device and Cosmetic Act, Act
of April 14, 1972, nor a practitioner registered or licensed by the
appropriate State board, did knowingly possess with intent to deliver COCAINE, A
SCHEDULE II CONTROLLED SUBSTANCE TO A CONFIDENTIAL INFORMANT, inviolation of Section
13(a)(30) of Act 64, the PA Controlled Substance, Drug, Device and Cosmetic Act. (35
P.S. Act 64 13(a)(30))


Act 64 The Controlled Substance, Drug, Device and Cosmetic Act
Section 13(a) Prohibited Acts; Penalties
Sub Section 30 Manufacture, Deliver, Possess With Intent To Deliver a
Controlled Substance

IN THAT, on or about said date, THE DEFENDANT, SAMUEL E. PULLINS, not being registered
under the Controlled Substance, Drug, Device and Cosmetic Act, Act
of April 14, 1972, nor a practitioner registered or licensed by the
appropriate State board, did knowingly deliver COCAINE, A SCHEDULE II CONTROLLED
SUBSTANCE TO A CONFIDENTIAL INFORMANT, in violation of Section 13(a)(30) of Act 64,
the PA Controlled Substance, Drug, Device and Cosmetic Act. (35 P.S. Act 64
13(a)(30))

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act
of Assembly, or in violation of

| | (Section) | (Sub-Section) | | (PA Statute) | (counts) |
|---|---|---|---|---|---|
| 1. | 13 | (a)(16) | of the | Act 64 | 1 |
| 2. | 13 | (a)(30) | of the | ACt 64 | 1 |
| 3. | 13 | (a)(30) | of the | ACt 64 | 1 |
| 4. | | | of the | | |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges
I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed
and sworn to before the issuing authority.

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information
and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S.
§ 4904) relating to unsworn falsification to authorities.

3-15 , 19 99                    _____
                                (Signature of Affiant)

AND NOW, on this date March 18 , 19 99 , I certify the complaint has been properly
completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

21-3-07
(Magisterial District)                    _____
                                          (Issuing Authority)          SEAL

AOPC 412-(4/96) (Internet Version)                    2-3

Name: SAMUEL E. PULLINS

Number: CR-69-99

**POLICE**

**CRIMINAL COMPLAINT**

## AFFIDAVIT of PROBABLE CAUSE

ON 13 NOVEMBER, 1998, THIS OFFICER AND OFFICER ROBERT PHILLIPS OF THE SCHUYLKILL COUNTY DRUG TASK FORCE RECEIVED INFORMATION THAT CI 158-98 COULD PURCHASE COCAINE FROM SAMUEL PULLINS.

CI 158-98 HAS BEEN A MEMBER OF THE DRUG CULTURE FOR A NUMBER OF YEARS AND THEREFORE HAS GAINED THE TRUST AND CONFIDENCE OF AREA DRUG DEALERS AND OTHER CRIMINALS, AND IS FAMILIAR WITH THOSE PERSONS AND THEIR OPERATIONS. THE CI HAS PROVIDED INFORMATION THAT WAS ALSO CONFIRMED BY THIS OFFICER AND OFFICER PHILLIPS, SCDTF. THE CI HAS ALSO PROVIDED INFORMATION ABOUT NAMES OF DRUG DEALERS, THEIR ADDRESSES, THE TYPES OF VEHICLE THEY DRIVE, TYPES OF DRUGS INVOLVED AND OTHER INTELLIGENCE INFORMATION WHICH HAS BEEN CONFIRMED THROUGH OTHER SOURCES AND INVESTIGATION. THE CI HAS PROVIDED INFORMATION AGAINST KEITH NIXON AND VICTOR NEWTON IN REFERENCE TO THEIR DRUG ACTIVITY. BOTH OF THESE INDIVIDUALS WERE ARRESTED AND CONTROLLED SUBSTANCES WERE SEIZED FROM THEM.

OFFICERS MET WITH CI AT 0145 HRS, 13 NOVEMBER, 1998, CI WAS SEARCHED, NO DRUGS WHERE FOUND ON CI-158-98. CI -158-98 WAS GIVEN $ 160.00 IN TASK FORCE MONEY.

CI WAS FOLLOWED TO 310 NORTH 12TH STREET POTTSVILLE, THE CI WENT INTO 310 NORTH 12TH STREET AT 0154 HRS, 13 NOVEMBER, 1998, AND LEFT THE HOUSE A FEW MINUTES LATER.

CI WAS FOLLOWED TO A PREDETERMINED LOCATION. THE CI WAS SEARCHED AND THE CI GAVE THIS OFFICER A PLASTIC BAG WITH WHITE ROCKS IN IT.

CI GAVE A STATEMENT THAT CI WENT TO 310 NORTH 12TH STREET POTTSVILLE AND GAVE SAMUEL PULLINS $ 160.00 AND THEN PULLINS GAVE THE CI A PLASTIC BAG WITH WHITE ROCKS INSIDE, CI WAS TOLD BY PULLINS THAT THE CONTENTS WAS COCAINE.

THE POWDER WAS FIELD TESTED BY OFFICERS PHILLIPS AND HE RECEIVED POSITIVE INDICATION FOR COCAINE.

PHILLIPS RETAINED THE ROCKS AS EVIDENCE.

I, MICHAEL O'TOOLE/ROBERT PHILLIPS/AGENT ROBERT DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
(Signature of Affiant)

Sworn to me and subscribed before me this 18th day of March , 1999.

3/18/99 Date _____ , District Justice

My commission expires first Monday of January, 2000.

SEAL

AOPC 412- (4/96) (Internet Version)         3-3

EXHIBIT (R-4)




# COMMONWEALTH OF PENNSYLVANIA

COUNTY OF **SCHUYLKILL**

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody

(Name): **PULLINS, SAMUEL E**
DOB: **8/03/65 M BLACK**

(Address): **310 N 12TH ST**
**POTTSVILLE, PA 17901**

If the defendant be found in said Commonwealth, and bring the defendant before us at

(Address): **CHARLES V MORAN**
**2276 W. MARKET STREET**
**POTTSVILLE, PA 17901-0040**

to answer the Commonwealth or **POTTSVILLE CITY**

_(Political Subdivision)_

upon the complaint or citation of **O'TOOLE, MICHAEL**
charging the defendant with **35 §780-113 §§A16**
**POSSESSION OF CONTROLLED SUBSTANCE**
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this _____ day of _____, 19 ___

**SEAL**

_(Signature)_

Magisterial District No.: **21-3-02**

Citation No.: **10398-98T**
FILED: **3/16/99**
Docket No.: **CR-0000091-99**
OTN: **F 032619-6**

Amount needed to satisfy collateral: $ _____

Reason for warrant: _____

**COPY : FELONY**
**DEFENDANT**

AOPC 417-91

---

# WARRANT OF ARREST

WARRANT CONTROL NO.:
**1882423**
DOCKET NUMBER:
**CR-0000091-99**

**COMMONWEALTH**
**OF**
**PENNSYLVANIA**

VS.

**PULLINS, SAMUEL E**

OFFENSE DATE     **11/15/98**
CHARGE
**35 §780-113 §§A16**

---

## RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant, 19 ___

☐ He is now at liberty on bail posted before _____

☐ I took into custody the within named _____

☐ in the _____

☐ before you for disposition.

☐ before _____ jail.

☐ I accepted a guilty plea and collected _____
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____ for collateral.

☐ I accepted the fine and costs due in the amount of _____

_(Signature of Officer - Name & Title)_

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of _____

_(Defendant's Signature)_

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of
$ _____

_(Defendant's Signature)_

---

## RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_(Officer's Signature)_

Officer's costs:
Warrant _____
Miles @ ¢ _____
Commitments _____
Miles @ ¢ _____
Conveying to hearing _____
Miles @ ¢ _____
*Total _____

---

Amount required to satisfy sentence:
Fine: $ _____
Costs: $ _____
Other: $ _____
Total: $ _____

SIGNATURE _____

NAME _____

TITLE _____

Criminal Court Form No. 01

# COMMONWEALTH OF PENNSYLVANIA
## Vs.
### SAMUEL E. PULLINS

Before District Justice ....CHARLES V. MORAN....

Defendant

Docket No. ....~~GR091-99~~....

Date of Arrest or Process .03/30/99: 7:00AM..... Prelim. Hg. set for .04/06/99:2:15PM... 19.......

Offense(s) charged ..POSSESSION OF CONTROLLE D SUBSTANCE:DIST/SELL NONCONTROLLED SUBSTANCE.
CONTROLLED

District Justice

To Be Completed by Defendant:

Address, X 310 N. 12ᵗʰ  T  Pattsville PA  17901 Phone (717) 628-1130
        **No.     Street     Town     State     Zip**

## YOU ARE ENTITLED TO BE REPRESENTED BY A LAWYER IN ALL PROCEEDINGS IN THIS CASE

Your Lawyer's Name ....N/A.................................................Phone ...............................

Address .......................................................................................................................

Have you contacted this lawyer? ...............................Did he agree to represent you? ...............................

If you have not contacted your lawyer, when will you contact him? .......................................................

## IF YOU FEEL YOU CANNOT AFFORD AN ATTORNEY OF YOUR CHOICE, YOU MAY BE ENTITLED TO THE SERVICES OF THE PUBLIC DEFENDER.

Do you wish to apply for Public Defender Services?....YES..... If "yes", you will shortly receive notice of an appointment for an interview which you will be required to keep.

## WHILE IT IS NOT ADVISABLE TO DO SO, YOU MAY WAIVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY.

Is it your intention to waive the right to be represented by a lawyer? .....N/0..........................

Date:.3-30............19 99        Samuel E. Pullins
                                    Defendant

This form shall be completed in the office of the District Justice when the Defendant FIRST appears there and shall be forwarded IMMEDIATELY by the District Justice to the Court Administrator.

Ct. Admr. — White    D.A. — Green    P.D. — Canary    J.P. — Pink    Defendant — Goldenrod                    Eastern Press

EXHIBIT-(C.1)

## BAIL BOND

| OTN    F 032619-6 | DJ No: 21-3-02 | Date of Charge(s):  11/15/98 |
|---|---|---|
| CC No: | DJ Docket No: CR-0000091-99 | |

| Commonwealth vs. (Defendant Name and Address)<br>PULLINS, SAMUEL E<br>310 N 12TH ST<br>POTTSVILLE, PA 17901 | NEXT COURT ACTION<br>0/00/00    Date/ Time/ Location |
|---|---|

CHARGE(S): 35 §780-113 §§A16 INT POSS CONTR SUBST BY PER NOT REG
35 §780-113 §§A35II SELL NONCONT SUBS REPRES SUBS CONTR

ADDITIONAL CHARGES MAY EXIST. PLEASE SEE ADDITIONAL CHARGES PAGE.

TYPE(S) OF RELEASE:

☐ ROR            ☒ Unsecured Bail        ☒ Nonmonetary Condition(s) (see additional page(s))
☐ Nominal Bail   ☐ Monetary Condition(s) in the amount of $_____

THE CONDITIONS OF THIS BAIL BOND ARE AS FOLLOWS:
1. The defendant must appear at all times required until full and final disposition of the case.
2. The defendant must obey all further orders of the bail authority.
3. The defendant must give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change.
4. The defendant must neither do, nor cause to be done, nor permit to be done on his/her behalf, any act as proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims), 18 Pa.C.S. §§ 4952, 4953.
5. The defendant must refrain from criminal activity.

TYPES OF SECURITY:

☐ Cash/Equivalent      ☐ Gov't Bearer Bonds      ☐ Realty w/in Commonwealth
☐ ____% Cash           ☐ Surety Bond             ☐ Realty outside Commonwealth
TOTAL AMOUNT BAIL SET (IF ANY): $ _____5,000.00_____    (see sureties page)

This bond is valid for the entire proceedings and until full and final disposition of
the case including all avenues of direct appeal to the Supreme Court of Pennsylvania.

I AGREE THAT I WILL APPEAR AT ALL SUBSEQUENT PROCEEDINGS AS REQUIRED AND COMPLY WITH ALL THE CONDITIONS OF THE BAIL BOND.

THIS BOND SIGNED ON _May 4, 99_
at _Pottsville_ , PENNSYLVANIA        _Samuel E Pullins_
                                      (Signature of Defendant)

Signed and acknowledged before me this _4th_ day of _May_, 19 _99_

_____  (SEAL)
(Clerk of Court or Issuing Authority)

JUDGE OR ISSUING AUTHORITY          DATE
MORAN, CHARLES V                    5/04/99

My commission expires first Monday of January, 2000

PLEASE SEE ATTACHED PAGES FOR ADDITIONAL INFORMATION

AOPC 11161-98          PRINTED:  5/05/99  8:57:59

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: SCHUYLKILL

**POLICE
CRIMINAL COMPLAINT**

Magisterial District Number: 21-3-02

District Justice Name: Hon. CHARLES V. MORAN

Address: 2276 WEST MARKET STREET
POTTSVILLE, PA 17901

Telephone: (570) 622-4050

**COMMONWEALTH OF PENNSYLVANIA
VS.**

DEFENDANT: NAME and ADDRESS

SAMUEL E. PULLINS
310 NORTH 12TH STREET
POTTSVILLE, PA 17901

Docket No.: CR091-99

Date Filed: 03/16/99

OTN: F032619-6

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☐ White  ☐ Asian  ☒ Black  ☐ Hispanic  ☐ Native American  ☐ Unknown | ☐ Female  ☒ Male | 08/03/1965 | 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 | |

| Defendant's A.K.A. | Defendant's Vehicle Information: | | | Defendant's Driver's License Number |
|---|---|---|---|---|
| E | Plate Number | State | Registration Sticker (MM/YY) | State  PA  23175854 |

| Complaint/Incident Number | Complaint/Incident Numbers if other Participants | UCR/NIBRS Code |
|---|---|---|
| 10398-98T | | 181 |

District Attorney's Office  ☐ Approved  ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing Pa.R.Cr.P. 107.)

_____ (Name of Attorney for Commonwealth - Please Print or Type)     _____ (Signature of Attorney for Commonwealth)     _____ (Date)

MICHAEL O'TOOLE/ROBERT PHILLIPS/ROBERT BRUCE,OAG     123/11/BNI
(Name of Affiant-Please Print or Type)     (Officer Badge Number/I.D.)

of  SCHUYLKILL COUNTY DRUG TASKFORCE     PA0540700     10398-98T
(Identify Department or Agency Represented and Political Subdivision)     (Police Agency ORI Number)     (Originating Agency Case Number (OCA))

do hereby state:(check the appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse an defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at  106 NORTH 3RD  STREET
   POTTSVILLE, PA  4TH WARD     (Place-Political Subdivision)

   in  SCHUYLKILL  County on or about  1910 HRS 15 NOVEMBER, 1998

   Participants were: (if there were participants, place their names here, repeating the name of the above defendant)
   SAMUEL E. PULLINS

2. The acts committed by the accused were:

(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged.  A citation to the statue allegedly violated without more, is not sufficient.  In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

Act 64 The Controlled Substance, Drug, Device and Cosmetic Act
Section 13(a) Prohibited Acts; Penalties
Sub Section 16 Possession of Controlled or Counterfeit Substance

IN THAT, on or about said date, THE DEFENDANT, SAMUEL E. PULLINS, not being
registered under the Controlled Substance, Drug, Device and Cosmetic Act, Act of
April 14, 1972, nor a practitioner registered or licensed by the appropriate State
Board, and not a valid prescription order or order of a practioner, did knowingly or
intentionally possess a controlled or counterfeit substance, NAMELY AMOXICILLIN A
COUNTERFEIT CONTROLLED SUBSTANCE, in violation of Section 13(a)(16) of the PA
Controlled Substance, Drug, Device and Cosmetic Act. (Act 64 13(a)(16))

EXHIBIT (C.3)

Name: SAMUEL E. PULLINS

Docket Number:  GR331-99



# POLICE
# CRIMINAL COMPLAINT

Act 64 The Controlled Substance, Drug, Device and Cosmetic Act
Section 13(a) Prohibited Acts; Penalties
Subsection 35(ii) Distribute/Sell Noncontrolled Substance As a Controlled
Substance

IN THAT, on or about said date, THE DEFENDANT, SAMUEL E. PULLINS, did knowingly
distribute or sell a noncontrolled substance upon the express or implied
representation that the substance was a controlled substance, namely, COCAINE, A
SCHEDULE II CONTROLLED SUBSTANCE in violation of Section 13(a)(35)(ii) of the PA
Controlled Substance, Drug, Device and Cosmetic Act. (Act 64 13(a)(35)(ii))

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act
of Assembly, or in violation of

| | 1. 13 | (a)(16) | of the | Act 64 | 1 |
|---|---|---|---|---|---|
| | (Section) | (Sub-Section) | | (PA Statute) | (counts) |
| | 2. 13 | (a)(35)(II | of the | Act 64 | 1 |
| | (Section) | (Sub-Section) | | (PA Statute) | (counts) |
| | 3. | | of the | | |
| | (Section) | (Sub-Section) | | (PA Statute) | (counts) |
| | 4. | | of the | | |
| | (Section) | (Sub-Section) | | (PA Statute) | (counts) |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges
I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed
and sworn to before the issuing authority.

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information
and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code(18 PA. C.S.
§ 4904) relating to unsworn falsification to authorities.

_____3-15_____, 19 99        _____
                                      (Signature of Affiant)

AND NOW, on this date _____MARCH 17_____, 19 99 , I certify the complaint has been properly
completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

21-3-02
_____           _____        SEAL
(Magisterial District)                (Issuing Authority)

AOPC 412-(4/96) (Internet Version)        2-3
                                      EXHIBIT (C-4)

Name: SAMUEL E. PULLINS

Docket Number: CR-291-99



**POLICE**

**CRIMINAL COMPLAINT**

## AFFIDAVIT of PROBABLE CAUSE

*Jeff Walcot*

ON 15 NOVEMBER, 1998, THIS OFFICER AND OFFICER ROBERT PHILLIPS OF THE SCHUYLKILL COUNTY DRUG TASK FORCE RECEIVED INFORMATION THAT CI 158-98 COULD PURCHASE COCAINE FROM SAMUEL PULLINS.

CI 158-98 HAS BEEN A MEMBER OF THE DRUG CULTURE FOR A NUMBER OF YEARS AND THEREFORE HAS GAINED THE TRUST AND CONFIDENCE OF AREA DRUG DEALERS AND OTHER CRIMINALS, AND IS FAMILIAR WITH THOSE PERSONS AND THEIR OPERATIONS.  THE CI HAS PROVIDED INFORMATION THAT WAS ALSO CONFIRMED BY THIS OFFICER AND OFFICER PHILLIPS, SCDTF.  THE CI HAS ALSO PROVIDED INFORMATION ABOUT NAMES OF DRUG DEALERS, THEIR ADDRESSES, THE TYPES OF VEHICLE THEY DRIVE, TYPES OF DRUGS INVOLVED AND OTHER INTELLIGENCE INFORMATION WHICH HAS BEEN CONFIRMED THROUGH OTHER SOURCES AND INVESTIGATION.  THE CI HAS PROVIDED INFORMATION AGAINST KEITH NIXON AND VICTOR NEWTON IN REFERENCE TO THEIR DRUG ACTIVITY.  BOTH OF THESE INDIVIDUALS WERE ARRESTED AND CONTROLLED SUBSTANCES WERE SEIZED FROM THEM.

OFFICERS MET WITH CI AT 1900 HRS, 15 NOVEMBER, 1998, CI WAS SEARCHED, NO DRUGS WHERE FOUND ON CI-158-98.  CI -158-98 WAS GIVEN $ 140.00 IN TASK FORCE MONEY.

CI WAS FOLLOWED TO 106 NORTH 3RD STREET POTTSVILLE, THE CI WENT INTO 106 NORTH 3RD STREET AT 1910 HRS, 15 NOVEMBER, 1998, AND LEFT THE HOUSE A FEW MINUTES LATER.

CI WAS FOLLOWED TO A PREDETERMINED LOCATION. THE CI WAS SEARCHED AND THE CI GAVE THIS OFFICER A PLASTIC BAG WITH WHITE POWDER IN IT.

CI GAVE A STATEMENT THAT CI WENT TO 106 NORTH 3RD STREET POTTSVILLE AND GAVE SAMUEL PULLINS $ 140.00 AND THEN PULLINS GAVE THE CI A PLASTIC BAG WITH WHITE POWDER INSIDE, CI WAS TOLD BY PULLINS THAT THE CONTENTS WAS COCAINE.

THE POWDER WAS FIELD TESTED BY OFFICERS PHILLIPS AND HE RECEIVED INCLUSIVE INDICATIONS FOR COCAINE.

PHILLIPS RETAINED THE POWDER AS EVIDENCE.

I, MICHAEL O'TOOLE/ROBERT PHILLIPS/AGENT ROBERT SHULTZ **BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

_____
(Signature of Affiant)

Sworn to me and subscribed before me this _17th_ day of _____MARCH_____, 19__99__

__03/17/99__ Date _____, District Justice

My commission expires first Monday of January, __2000__.                    **SEAL**

EXHIBIT-(C.5)

FILED
APR 07 1999
Stephan M Lukach Jr.
Clerk of Court
Per

## COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY

### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs

Samuel E. Pullins
Social Security No.: 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
D.O.B.: 8/3/65

: Misc. No. 179   1999
: CR-91-99  OTN F-032619-6
: District Justice Charles Moran

: Misc. No. 180   1999
: CR-69-99  OTN F-166562-4
: District Justice James K. Reiley

### ORDER OF COURT

AND NOW, this _6 th_ day of April, 1999, upon consideration of the attached

Petition for Appointment of Private Counsel and upon motion of Harry A. Rubright, Esq.,

Public Defender, *IT IS HEREBY ORDERED AND DIRECTED* that Attorney

_Robert Kurtz_____ be appointed to represent the above captioned

defendant on the above matter.

BY THE COURT,

_Baldwin, P.J._

SCHUYLKILL COUNTY
1999 APR -7 P 12: 59
CLERK OF COURTS OFFICE

EXHIBIT (D)

IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :    NO.  520 of 1999

               vs.               :

SAMUEL E. PULLINS                :

**FILED**
NOV 0 4 1999
Stephen M Pirkach
Clerk of Courts
Per _____

### ORDER OF COURT

AND NOW, this _4th_ day of _November_ , 1999, the Court grants

leave to the District Attorney to enter a Nolle Prosequi in the above case due to prosecutorial discretion.

Costs paid _County_.

BY THE COURT,

_____ J.

AND NOW, this _4th_ day of _November_ , 1999, a Nolle Prosequi is

HEREBY ENTERED.

_____
District Attorney

EXHIBIT (E.)

# Drug sweep in Pottsville today puts dozens of suspects in jail

## Attorney general expected in city to outline raids

**BY SHAWN A. HESSINGER**
Staff Writer
E-mail address: shessng@pottsville.infi.net

Dozens of people, perhaps as many as 60, were arrested this morning in a series of drug busts that swept through Pottsville, beginning at 6 a.m., District Justice Charles V. Moran confirmed at press time.

Raids were conducted by officers of the Schuylkill County Drug Task Force and Pottsville Police, Moran said. The suspects were arraigned in Moran's West Market Street office and at District Judge James K. Reiley's on North Centre Street.

State Attorney Michael Fisher was due in the city for a noon press conference detailing the arrests that resulted from a five-month investigation, his spokesman said this morning.

The drugs involved are heroin, crack cocaine, cocaine, marijuana and methamphetamines.

**INFO CONNECT**
YOUR INFORMATION SYSTEM

**SELECTION**
**1331**

**ARRESTS:** Get details on today's actions as they are released.

*Tuesday March 28, 1999*

*Exhibit (I)*

*Samuel E Pallas*



Police take a suspect into custody on 16th Street in Pottsville in this morning's drug raids.

MARK ROGERS/Staff Photo

Case 1:00-cv-00769-YK-DB    Document 1    Filed 04/28/2000    Page 57 of 72

EXHIBIT (F·1)

# Drug sweep in Pottsville today puts dozens of suspects in jail

One defendant, Paul M. Kopinetz, whose last known address was 406 W. Race St., has already been arraigned on cocaine-related charges, Moran said. He was in Schuylkill County Prison on $20,000 bail.

Moran confirmed the raids were for cocaine and some crack cocaine.

Just before 7 a.m. this morning at the intersection of Second and Arch streets, an officer from Hegins Town-

ship Police Department holding a Winchester pump shotgun stood behind a camouflaged Chevy Blazer as officers from the task force and Pottsville Police Department dressed in black S.W.A.T-type uniforms cordoned off a section of Second Street between Arch and Race.

Other officers involved in the raids included Pine Grove, Shenandoah, Palo Alto, Hegins Township Orwigsburg,

Port Carbon, Saint Clair, Schuylkill Haven and Mahanoy City.

Police were seen exiting a house at 203 Second Street.

Officers of the Schuylkill County Sheriff's Department were also on the scene, but county Sheriff Francis V. McAndrew deferred comment to Pottsville Police Chief Dale L. Repp, who was expected to release a statement between 11 a.m. and 11:30 a.m. on the

steps of the Schuylkill County Court house.

Palo Alto and Shenandoah police two representatives from the state At torney General's office and an officer in an unmarked vehicle also entered residence on West Norwegian.

In addition to the numerous arrests that have been made this morning Pennsylvania Liquor Control Enforce

**Please see DRUGS/Page**



MARK ROGERS/Sta

**Police block off Second Street, Pottsville, as drug suspects are rounded up this morning.**

# Drug sweep puts dozens in ja

**DRUGS/From Page 1**

ment officers brought out two video slot machines from the J & S Bar, located at the corner of Centre and Arch Streets,

and placed them into a blue pickup truck.

About 30 minutes after that, officers brought out four individuals in handcuffs and

escorted them to Distric tice Reiley's located near
**(Staff Writers Tim D Joni R. Edmor and Jeffrey A.** contributed to this r

# 27 arrested in drug sweep, heroin, crack trade targeted

## Task force seeks 6 other suspects in city operation

**BY JAMES ROWBOTTOM**
Staff Writer
E-mail address: jbottom@pottsville.infi.net

Twenty-seven "street-level" drug dealers were rounded up Tuesday morning in a dramatic sweep through Pottsville as a result of an investigation spurred by neighbors' complaints, according to the state attorney general.

The Schuylkill County Drug Task Force — 65 officers from throughout the county — are still seeking six other suspects on the drug charges, which came after a five-month investigation in the city.

The drugs sold to undercover agents included heroin, crack cocaine, cocaine, marijuana and methamphetamine, Attorney General Mike Fisher said at a press conference Tuesday in front of the J&S Bar & Grill, 118 N. Centre St.

State agents and task force members also focused on the bar, where contraband and money was confiscated as part of an ongoing investigation, said Fisher, who would not release further details on that search.

The 27 arrested during the raid, which began around 6 a.m. with at least one street blockade and suspects being awakened by police, include six women and 21 men. Three were from West Norwegian Street, six from North Second Street, three from West Market, three from West Race and the rest from other Pottsville addresses. An inmate at Berks County Prison, one in Schuylkill County Prison and two men from Schuylkill Haven were also charged.

All suspects were charged with possession, possession with intent to deliver, and delivery of a controlled substance, some with more than one

---

**TASK FORCE:** Danger not new for county drug effort.

**Details, Page 17**

---

count of each. Four were also charged with criminal conspiracy.

Fisher said it was probably "the largest raid in recent memory" in Pottsville.

The evidence developed during the investigation will now be used to target mid- to upper-level drug dealers, Fisher said.

"Today, we sent the message to drug dealers that you don't sell drugs in this neighborhood," Fisher said. "If you do, we'll investigate you, we'll prosecute you and if we get a conviction, we're going to send you to prison."

During the investigation, the task force, including officers from more than 26 county police departments,

**Please see DRUG/Page 6**


Officers lifted Wychunas into the air...


...and were finally able to pin him to the sidewalk.

EXHIBIT (F-3)

MARCH 31st

Since 1884                    TOUCHING YOUR LIFE EVER

EXHIBIT EE-43



MARK ROGERS/Staff Photos

Eric Wychunas, 20, of 800-31 N. Second St., Pottsville, seeks to break away from police officers as he is led into his arraignment at District Justice James K. Reiley's court-room in Pottsville Tuesday morning. Wychunas faces counts of drug possession and possession with intent to deliver.

# 27 arrested in drug sweep;
# heroin, crack trade targeted

EXHIBIT {F-53



*ERIC CONOVER/Standard-Sp.*

**Pottsville police escort two men to their arraignment at District Justice Ja...**
**Reilly's Pottsville office Tuesday. Nearly 27 people were arrested in a Schuyl...**
**County drug raid that began at 6 a.m. More arrests are expected.**

# Schuylkill Co. raid net
# nearly 30 drug dealers

**By JOHN E. USALIS**
Standard-Speaker

POTTSVILLE — An early Tuesday morning drug raid in the city captured at least 27 street-level drug dealers operating in Schuylkill County, putting a large dent in drug trafficking in the business district.

Pennsylvania Attorney General Mike Fisher along with city and county law enforcement officials gathered at a press conference in front of J&S Bar, 118 N. Center St., where the five-month-long investigation was focused.

Ironically, the site is located across the street from one of the two magistrate offices in the city where the suspects were being arraigned throughout the day. The bar is about three blocks away from Pottsville City Hall and the Schuylkill County Courthouse.

The investigation was conducted by agents



*ERIC CONOVER/Standard-Spe...*

**Pottsville police lead Moses Hay...**
**center, from his arraignment Tuesda...**

EXHIBIT F-73

down," said Gary Black, an industry analyst with the New York brokerage firm Sanford C. Bernstein & Co. "This will persuade the industry to start thinking the tide may be turning."

The Williams family, who sought $101 million, alleged the company knew its cigarettes could cause cancer.

Testimony portrayed Williams, a former janitor with the Portland school system, as a three-pack-a-day Marlboro smoker who believed the manufacturer wouldn't sell a harmful product and who was heavily addicted to nicotine.

Williams died in 1997 just five months after he was diagnosed with small-cell carcinoma of the lungs. He was 67 and left behind a wife, Mayola, and six adult children.

Family members hugged their lawyers after the verdict was read, but had no immediate comment.

Philip Morris attorney Walter Cofer said he will appeal. He noted the tobacco industry has a 40-year history of prevailing in such cases.

"If you look at this verdict, it was not supported by the evidence," Cofer said. "It was a product of passion and prejudice."

The 12-member Circuit Court jury, which included three smokers and four former smokers, spent a little more than two days reviewing a month of technical and often conflicting testimony from experts in such areas as cancer diagnosis, radiology and the chemistry of tobacco smoke.

Much of the medical testimony on both sides was aimed at showing that Williams' cancer arose either before or after 1988. If the jury concluded that Williams' cancer was caused by cigarettes smoked before 1988, Philip Morris couldn't be held liable under Oregon law.

That's because Oregon law allows plaintiffs to seek damages going back only eight years before the filing of a product liability suit.

Besides the San Francisco case, U.S. juries have awarded damages in smoking liability cases only three times — twice in Florida and once in New Jersey. All three verdicts were overturned on appeal.

"As little as three years ago most people thought the tobacco industry was invulnerable. This case shows we have a crack in the dam," said John Banzhof, executive director of Action on Smoking and Health, a leading tobacco opponent.

press con-

each of possession, possession with intent and delivery, and one count criminal conspiracy.

■ Victoria Morse, 31, 207 W. Market St., Pottsville. One count each of possession, possession with intent, delivery, and criminal conspiracy.

■ Terri Jo Parsons, 28, 204 N. Second St., Pottsville. Three counts each of possession, possession with intent and delivery.

■ Lena Haynes, 63, 118 N. Centre St., Pottsville. One count each of possession, possession with intent and delivery.

■ Moses Haynes, 61, 118 N. Centre St., Pottsville. Four counts each of possession, possession with intent and delivery.

■ Marc Johnson, 28, 800-27 N. Second St., Pottsville. Two counts each of possession, possession with intent and delivery.

■ Daniel Carrington, 23, 10 Fritz Reed Ave., Schuylkill Haven. Two counts each of possession, possession with intent and delivery.

■ Daniel "Boonie" Rice, 45, D-17 Market Square Apartments, Pottsville. Two counts each of possession, possession with intent and delivery.

■ Leon Estep, 18, 311 W. Market St., Pottsville. Two counts each of possession, possession with intent and delivery.

■ James E. "Ernie" Haynes, 39, 927 W. Norwegian St., Pottsville. Four counts each of possession, possession with intent and delivery.

■ Ronald Walchak, 40, 274 W. Railroad St., Pottsville. Two counts each of possession, possession with intent and delivery.

■ Eric Wychunas, 20, 800-31 N. Second St., Pottsville. Three counts each of possession, possession with intent and delivery.



**PA. MONUMENT CO.   454-2621**
HAZLETON–SHEPPTON HIGHWAY RTE. 924–HUMBOLDT
• MONUMENTS • MARKERS

**Monument Lettering & Cleaning in Cemetery**

Hours:
Mon.-Fri. 9-4, Sat. 9-2
**APPOINTMENTS ANYTIME**
Transportation and House Calls Can Be Arranged.
*Largest Monument Manufacturer in NE PA*
Stanley Bohenek, owner

EXHIBIT F-83



MARK ROGERS/Staff Photos

Pottsville Mayor Terence P. Reiley reports 50 drug arrests have occurred this year in the city. At right is Attorney General Mike Fisher, in town to announce Tuesday's bust.

# 27 arrested in sweep

**DRUG/From Page 1**

made 66 undercover drug purchases, he said.

The investigation was started after North Centre Street residents complained to the task force of alleged drug activities in their neighborhood, Fisher said, noting many of the purchases were made on that street.

It would have been easy for officials to try to avoid the bad publicity of acknowledging that drug deals take place in their city, he said.

But Pottsville Police Chief Dale L. Repp and Mayor Terence P. Reiley said they're "more interested in cleaning it up," Fisher said.

"They recognized ... there's no community immune to the problems of drug abuse and drug dealing," he said.

Tuesday's arrests are evidence drug-fighting efforts in the city have increased dramatically, Reiley said.

There was an average of 13.7 drug arrest warrants in the city each year from 1990 to 1996, according to Uniform Crime Reports put out by the Federal Bureau of Investigation.

In 1997, Reiley's last year as city councilman, there were 18 warrants, and in 1998, the year he became mayor, there were 33, Reiley said.

In the first three months of 1999, there have been at least 50 people arrested on drug charges, including Tuesday's sweep, which included 76 warrants, he said.

District Attorney Claude A.L. Shields' office will now prosecute the suspects, Fisher said.

"It takes a great deal of manpower and effort to be successful in these types of investigations," said First Assistant District Attorney Charles A. Bressi Jr. at the press conference.

The investigation was a cooperative effort among Fisher's office, the task force and Pottsville police. Schuylkill County Sheriff Francis V. McAndrew provided backup support.

Fisher specifically recognized the efforts of Pottsville police Capt. Michael J. O'Toole.

The Pottsville Housing Authority, with the goal of improving the quality of life in its developments, also facilitated the investigation, Repp said.

Richard F. Wojciechowsky, the authority liaison police officer, said he allows residents to complain about drug problems anonymously. Also, the authority was able to provide background information from housing applications of targeted residents, he said.

can.    PQR    sumed power.    March 31

EXHIBIT EF-103



JACQUELINE DORMER/Special Ph

**State police carry weapons out of the building that houses the J & S Bar and Grille in Pottsville across from District**    **Justice James K. Reiley's office early Tuesday mornin Twenty-seven people were arrested in the raids.**

# Drug task force does tough job

## Long hours, possible danger no barrier to police who fight narcotic

**BY TIM DEMKO**
Staff Writer
E-mail address: tdemko@pottsville.infi.net

It could be a dreary, cold, snowy Friday night where your coffee is getting cold, your stomach rumbles from non-nutritious food and the idea of catching some sleep is merely a dream.

It might be considered a job nobody wants, where anything can go wrong and you place your life on the line daily.

But that actually is typical for the Schulkill County Drug Task Force members when they "stake out" a guy

Those members made their presence felt Tuesd morning as they arrested 27 men and women who are leged drug traffickers in Pottsville. The arrests came aft five months of surveillance, drug purchases and oth hard work, according to the task force.

According to Steven R. Wheeler, regional director wi the Bureau of Narcotics Investigation and Drug Cont in the office of the Attorney General Mike Fisher, the jo require long hours and hard work to achieve these sults.

"These people put their lives on the line," he said. lot of people don't realize that our members work

EXHIBIT {F-11}

# Drug task force has tough job

DRUG/From Page 17

...ases from these drug pushers, ...o are often armed with dead-... weapons, and safety is a ma-...r factor."

Fisher said Tuesday that task ...ce members made 66 pur-...ases of various drugs from ...ug traffickers in the five-...onth period. The investigation ...egan in November.

The task force receives fund-...g through Fisher's office, and ...timately from appropriations ...om the General Assembly, he ...id, noting Rep. Bob Allen, R-...5, who attended the press ...nference, has been a big sup-...rter of the drug task force ...ogram.

A task force member, who ...ked not to be named for secu-...y purposes, said it is an excit-

...ing and tough job that requires discipline.

"It's about 10 percent excite-ment and 90 percent boredom," said the member. "It doesn't matter where you go, drugs are prevalent everywhere in Schuyl-kill County, and it's our goal to arrest all drug traffickers."

Wheeler says that in addition to making arrests, there are many legal issues that must be addressed, and members must be committed to due diligence regarding specific guidelines to follow.

"There are 66 dedicated peo-ple who are making an effort to rid Schuylkill County of drugs," he said.

First Assistant District Attor-ney Charles A. Bressi Jr. said coordination by all involved par-ties was vital to getting all the

information to make the arrests.

"The District Attorney's of-fice has emphasized for years how important drug prosecu-tions are," said Bressi. "The time and effort and the great deal of manpower proved to be effective."

Bressi said although there were only 27 arrests made Tues-day, he believes more will follow.

Founded in 1990, the task force's ultimate goal is to take drugs off the street altogether.

With the cooperation of the District Attorney's and state At-torney General's offices and the county's numerous police departments, the task force is looking to improve its rate of success.

As one member said "there's more arrests to be made, and more work to be done."

EXHIBIT F-123

# Hearings in sweep to begin

DEF

## 29 drug suspects will be in court

**BY JAMES ROWBOTTOM**
Staff Writer
E-mail address: jbottom@pottsville.infi.net

April 12

The first of the 29 alleged street-level drug dealers arrested in the late March raid in Pottsville were due in court today to determine if there is enough evidence to proceed with the cases.

Preliminary hearings for 23 suspects and 46 cases began at 8:45 a.m. today at District Justice James K. Reiley's Pottsville office and will continue there Friday. District Justice Charles V. Moran's hearings for 13 people and 23 cases are to begin at 1:15 p.m. Tuesday at his Pottsville office.

"We've been working marathon hours to keep up with the paperwork," Reiley said.

On March 30, 27 people were arrested after a five-month investigation by the state Attorney General's Office and Schuylkill County Drug Task Force.

**INFO CONNECT**
YOUR INFORMATION SYSTEM
SELECTION
**1347**

**HEARINGS:** Get the results of today's hearings.

In addition to those 27 named by Attorney General Mike Fisher, two others were arrested as part of the sweep. Kirby N. Reaves, 21, of 42 Peacock St., Pottsville, was arrested the day after the raid; and Carl Johnson, 26, of 800 Mahantongo St., Pottsville, was arrested the day before on similar charges, according to Charles A. Bressi Jr., Schuylkill County first assistant district attorney.

The commonwealth sought continuance on the cases Friday, but were denied by President Judge William E. Baldwin, according to District Attorney Claude A.L. Shields.

They sought it "because of the complexity of the number of cases involved," he said Friday afternoon.

"The burden is on the commonwealth ... to prove there's enough evidence the cases should go before a jury or judge," Kevin F. Harley, Fisher's deputy press secretary, said earlier Friday. "We have utmost confidence in the Schuylkill County District Attorney's Office."

The investigation included 66 drug purchases with the help of confidential informants, except in the charges against Johnson, according to police affidavits filed in the case. The drug task force served a warrant on Johnson, who was charged with delivering crack cocaine.

About a half-dozen informants were involved in the investigation, but most of the purchases were done by one of them, according to affidavits. Most of the buys were cocaine, but some were marijuana, the records state.

Many of the purchases were for $50 or $60, but they went as low as $25 and as high as $160, the affidavits show.

The ages of the defendants range from as young as Leon G. Estep, 18, of 311 W. Market, Pottsville, to the oldest, Lena Haynes, 63, of 118 N. Centre St., Pottsville. Both face cocaine charges.

James E. "Ernie" Haynes, 927 W. Norwegian St., an employee at the State Correctional Institution/Mahanoy, was among those arrested, Harley confirmed. He was charged with eight counts each of possession, possession with intent to deliver and delivery of crack cocaine.

Additionally, Moses and Le... Haynes, bartenders and par... owners of J&S Bar & Grill, 1... N. Centre St., Pottsville, we... arrested for possession, posse... sion with intent to deliver a... delivery of cocaine.

In addition to the dru... Pennsylvania Liquor Contr... Board officers confiscated illeg... video poker machines from t... bar, which was cited for seven... quor violations, Harley said.

DEF

# More drug charges withdrawn

*Tuesday April 21st*

**CHARGES/From Page 1**

day after the raid.

At Tuesday's preliminary hearings in the office of District Justice Charles V. Moran, Pottsville, charges against four defendants were held for county court, two people waived their right to hearings and five suspects' hearings were postponed until a later date.

During the four hearings, the informant, Dwight Duckett, contradicted testimony by the Schuylkill County Drug Task Force members, which conducted the five-month drug investigation with the state Attorney General's Office.

The contradictions, according to the defendants' attorneys, included:

• Claiming an alleged dealer was alone on the street when he allegedly met him on two occasions. An officer said other people were there on both dates.

• Naming a different street than an officer as the place Duckett bought drugs.

• Claiming to sell drugs on the first floor of a building when the police affidavit and an officer said it was on the second floor.

• Claiming to buy drugs in a living room when an officer said it was in a doorway.

Additionally, Duckett said he was unsure which officer participated in a particular drug sale operation.

On Tuesday, charges against Leon G. Estep, 18, of 311 W. Market St., and Eric M. Wychunas, 20, of 207 N. Second St., both of Pottsville, were withdrawn.

Estep's parents submitted an affidavit stating he was at their home in Lake Wynonah when the alleged sale was claimed to have taken place in Pottsville, according to William C. Reiley, assistant district attorney.

The parents were unavailable to testify Tuesday, and the commonwealth needs time to check out the alibi, he said.

Wychunas' charges were withdrawn because the task force needs to corroborate facts before proceeding, Reiley said.

However, Warner said today the task force asked to withdraw the Wychunas cases because they heard Duckett testify to things that were not true in other cases Tuesday.

On April 12 and during the previous week, cases against four others — three of whom had alibis — were withdrawn.

On Friday, cases against five defendants were dismissed by District Justice James K. Reiley, Pottsville, when Duckett was in the hospital.

Twelve people to date have waived their right to a preliminary hearing; seven have been held for court after hearings.

In Tuesday's hearing for Jamie P. Robbins, 512 N. Centre St., Pottsville, Duckett testified Robbins and he were alone on two occasions when he bought drugs from him.

But an officer testified that on both occasions he saw other people standing with Robbins and Duckett.

In the cases against Jesse J. Troutman, 21, of 106 N. Third St., Pottsville, Duckett testified he walked five to seven steps to a first-floor apartment to buy drugs from Troutman. But an officer said it took place on the second floor.

In the case of Joselyn M. Skeen, 21, of 1000 W. Norwegian St., Pottsville, Duckett said Skeen sold him drugs in her living room in front of two people. According to the police affidavit, it occurred "just inside the front door," Warner pointed out.

In the last hearing, for Paul M. Kopinetz, 21, last known address of 406 W. Race St., Pottsville, Duckett said he wasn't sure which officer was with him before and after an alleged sale.

James E. Haynes, 40, and Kirby N. Reaves, 21, both of Pottsville, waived their hearings.

EXHIBIT F-133

EXHIBIT Z1-145

# 4 drug arrests falter

## 3 raid suspects provide alibis

April 13

BY JAMES ROWBOTTOM
Staff Writer
E-mail address: jbottom@pottsville.infi.net

One of the largest drug raids in Pottsville history may founder on the credibility of the convicted drug dealer who made the undercover buys on behalf of police.

Two cases have been thrown out because the confidential informant "who made the drug buys mistook those suspects for somebody else," according to Schuylkill County Assistant District Attorney Leo Breznik.

Those two and a third case were thrown out Monday because of alibis, and a fourth, due to a task force oversight, according to assistant Public Defender Blair P. Warner.

As he concluded the first day of hearings on 11 of the alleged 29 dealers, District Justice James K. Reiley expressed "serious reservations" about the honesty of the informant, Dwight Duckett.

But before the court concluded Pleas and ruled on one individual's alibi, each side had its say on the informant's veracity, Reiley said.

Alibis were provided by:

• Daniel P. "Boonie" Rice, 45, of "417 Market Square Apartments, Pottsville. He was visiting a girlfriend at Penn State Hershey Medical Center at the time of the alleged drug transaction, and a security officer attested to that," Warner said.

• Thomas T. Bowers, 21, of 210 N. Second St., Pottsville. He was working a shift at Domino's Pizza on two occasions he allegedly sold drugs to Duckett; the manager attested to that.

• Arthur E. "DJ" Hook, 24, of 641 N. Second St., Pottsville. Details of his alibi were not obtained.

The fourth case thrown out was of Daniel Carrington, 23, of 10 Fritz Reed Ave., Schuylkill Haven.

All of these men faced various charges involving possession and the sale of drugs.

Duckett claims Rice sold him drugs on March 25, but Edward Shirk, the senior patrol officer with Penn State Getty-Singer System Services, South

**Please see DRUGS/Page 14**

---

# 4 drug cases falter

**DRUGS/From Page 1**

Central Region Department of Security wrote that Rice was visiting someone at Hershey Medical Center during the time Duckett alleges a sale took place in Pottsville.

Duckett also claims Bowers sold him drugs at Bowers' Pottsville residence on Jan. 29 and the next day. But Scott Moyer, manager of Domino's Pizza in Pottsville, wrote that Bowers worked in his presence at the times of the alleged deals.

Rice and Bowers had alibis, the informant lied, "and they couldn't shake it and they withdrew the charges," public defender Warner said.

During preliminary hearings and conferences at Reiley's office Monday when Duckett was present, "I've never seen such clear cut alibis," he said this morning.

For Carrington, it also came down to Duckett's word against alibi, Warner said.

Hook's case was withdrawn because Hook said he saw the name of the head of the Schuylkill County Drug Task Force on his caller I.D. when Duckett phoned him, a giveaway Duckett was working with the task force, Warner said. As a result, Hook did not sell drugs to Duckett, as the informant claimed. "On Monday, the head officer testified Duckett's telephone was in his name, and if unblocked could show up on a caller I.D. box.

better to withdraw than to compromise the cases.

While giving testimony Duckett said he has never given false information to the drug task force. The head of the task force testified that in at least one case against Rice — Duckett provided false information, but he didn't know if Duckett simply made a mistake or lied.

Breznik said the integrity of the confidential informant has everything to do with the withdrawals.

According to his testimony of the Schuylkill County Drug Task Force, paid Duckett $40 per drug buy, paid his $45 John O'Hara, Pottsville rent, paid his bills, but he was never told not to take drugs or given a urine test.

Duckett, who was not from the area and no longer lives here, said he has been convicted of two drug sales, was charged with driving under the influence in Montgomery County and is currently on probation there until December, used marijuana in November and March, and snorted cocaine a couple times in front of a target to "look good."

He also admitted being a marijuana and alcohol addict.

During testimony, several drug task force members admitted they based warrants on Duckett's word, with no other witnesses or corroborations to some of the drug transactions.

EXHIBIT EF-133

MONDAY, NOVEMBER 22, 1999     POTTSVILLE, PA.     Vol. CXXXVI - No. 22 Copyright © 1999 J.H. Zerbey Newspapers Inc.     50¢

# 8 months after citywide raid, just 3 of 27 drug arrests stick

## Informant unreliable, prosecutors say, after 24 cases withdrawn

**TOM COOMBE**
Staff Writer

On March 30, 27 alleged "street-level" dealers were arrested in Pottsville in what authorities characterized as a major drug sweep.

Eight months later, 24 of those cases have been dismissed — most of them because of an informant's lack of credibility and actions, prosecutors say.

Still, representatives in the state Attorney Gener-

al's office said sweeps such as this are helpful in that authorities often get information from those arrested that leads them up the ladder to bigger drug suppliers.

Authorities are blaming the lack of convictions in the Pottsville raid on Dwight Ducket, Pottstown, an informant who went undercover for the Schuylkill County Drug Task Force to purchase drugs from the alleged dealers.

"There's a certain quality of cases that I will pros-

ecute. These did not make that category," Schuylkill County District Attorney Claude A.J. Shields said of the cases that were dismissed.

However, he would not elaborate on specific reasons why the prosecution did not go forward.

Task force member John "Phillips," Schuylkill Haven, said agents seized heroin, cocaine, crack, marijuana and methamphetamine that had a "heavy cash value. That value was estimated by another police

**Please see DRUG/Page 6**

## OUR VIEW

EXHIBIT (F-17)

# Hard lessons come
# from drug arrests

## Informants must be used carefully

Eight months ago, 27 people were arrested in a large-scale drug raid in Pottsville.

At the time, the state Attorney General's office heralded it as a major effort against mid-level dealers. It looked impressive.

Now, charges remain against only three people. And only one guilty plea has been made; the other two are awaiting trial, and could go free.

There are two problems with the outcome: Innocent people may have suffered and guilty people may have gone free.

It is never pleasant for an innocent person to be accused of a crime, to say the least. Drug-related charges are particularly tainting in many people's eyes.

Even though they were not convicted — their cases did not even get to county court — their names still were publicized, and removing the stigma can be as difficult as trying to unring a bell.

And in some cases, people who did sell drugs may have gone free. If this happened, not only aren't these people in prison where they belong, they are quite likely to keep selling drugs, and do it even more boldly now that they've gotten away with it.

What went wrong and how can it be prevented?

It turns out the biggest problem was the informant used by the authorities

To comment on these editorials call INFO-CONNECT™

| | |
|---|---|
| 628-6000 | 453-1000 |
| 482-3000 | 647-7575 |
| 889-5200 | 362-4000 |
| 773-2211 | 345-3200 |

Selection number

**1350**

or use E-mail
kevlin@pottsville.infi.net

mony that conflicted with that given by members of the Schuylkill County Drug Task Force and admitting to keeping drugs for himself or a couple of the buys.

In some cases, people against whom the man testified turned out to have alibis corroborated by independent witnesses. As a result, their cases were dismissed.

It is easy in hindsight to say the task force should not have used this particular informant, and abandoning him may be the best thing that results from the affair.

Few things are that easy. Certainly informants must be used to penetrate the drug dealers' world. Often they cannot be local, for what if they were recognized?

Nonetheless, the prosecutors failed to sufficiently screen this informant — and how many others? Procedures should be rigorously reviewed in light of what's been learned.

Certainly, drug raids can not stop. Drugs are a scourge on society, killing thousands and leaving thousands more so mentally and physically destroyed that they are unable to help themselves or anyone else.

Further, drug users often must steal to finance their habits.

The task force must combat this. Perhaps more local consultation, and cooperation between the attorney general's office and the task force, can lead to more suc

EXHIBIT EF-163

# 8 months later,
# 3 of 27 cases
# are still viable

**DRUG/From Page 1**

ource as in the hundreds of thousands of dollars.

Two of the three remaining suspects will face court action in the January criminal court term:

• Moses Haynes, 61, of 118 N. Centre St. and 423 Laurel Blvd., Pottsville, charged with four counts of possession, possession with intent to deliver, and delivery.

• James E. Haynes, 39, of 927 Norwegian St., Pottsville, charged with four counts of possession, possession with intent to delivery, and delivery.

The third suspect, Ronald Valchak, 40, of 274 W. Railroad St., Pottsville, pleaded guilty to two counts of possession, possession with intent to deliver, and delivery, was ordered last Monday to wear an electronic monitoring device, a sentence that amounts to house arrest.

For 15 other cases between June and November, prosecutors entered a plea of "nolle prosequi," meaning they had chosen not to follow through with the cases, for various reasons. The defendants had been charged with possession, possession with intent to deliver, delivery and criminal conspiracy, between June and November:

Daniel Carrington, 20 and Ezra Carrington, 22, both of Schuylkill Haven; Paula Crowe, 25; Charles Evers, 24; Lena Haynes, 63; Marc Johnson, 28; Victoria J. Morse, 31; Terri J. Parsons, 28; Maurice "Reese" Porter, 33; Samuel E. Pullins, 33; Basil Reaves, 40; John A. Rich, 47; Crystal Siluk, 25; Gregory Stewart, 20, all of Pottsville; and Donald J. McLean, 23, who was serving an unrelated prison sentence at the time of the sweep.

"It's just the way the buys went down," said Lawrence M. Cherba, senior deputy attorney general designated as an assistant district attorney for these cases.

"Once he goes into a building, we don't know where he's going," an

Charges also were dismissed against four of the defendants due to conflicting testimony: Paul M. Kopenitz, 21; Joselyn Skeen, 21; Jesse J. Troutman, 21; and Eric Wychunas, 20, all of Pottsville.

In an April 13 hearing, Duckett testified he had bought drugs from defendants who came to court with alibis.

During the same hearing, assistant Public Defender Blair P. Warner questioned Duckett's involvement with the task force.

According to Duckett's testimony, he was given $40 following each buy he made, but was never asked to take a urine test or told not to take drugs. Duckett testified that on a few of his buys, he snorted cocaine to "look good."

"He was a nightmare for everyone," Warner said of Duckett's involvement.

Although Duckett's testimony had kept Warner's clients out of jail, Warner said his time on the case ate up taxpayers' money.

"It started to unravel when I did interviews and people had iron-clad alibis," said Warner.

Duckett could not be reached for comment.

Daniel P. Rice, Arthur E. Hook, Leon G. Estep and Thomas J. Bowers, all from Pottsville, had alibis for the times Duckett cited that drug buys occurred; those alibis were corroborated by other witnesses.

Fisher's Deputy Press Secretary Kevin F. Harley said despite the large amount of dismissals, the arrests helped drug investigations on a state and local level.

In a sweep like this, suspects can often give up information on their suppliers, which will lead investigators higher up the criminal ladder, eventually arresting higher-echelon dealers, Harley said.

"There's usually not a lot of drugs seized in street-level drug arrests," said Harley. "The primary purpose is to investigate

James E. , Norwegian St., Pottsville, charged with four counts of possession, possession with intent to delivery, and delivery.

The third suspect, Ronald Walchak, 40, of 274 W. Railroad St., Pottsville, pleaded guilty to two counts of possession, possession with intent to deliver, and delivery, was ordered last Monday to wear an electronic monitoring device, a sentence that amounts to house arrest.

For 15 other cases between June and November, prosecutors entered a plea of "nolle prosequi," meaning they had chosen not to follow through with the cases, for various reasons. The defendants had been charged with possession, possession with intent to deliver, delivery and criminal conspiracy, between June and November:

Daniel Carrington, 20 and Ezra Carrington, 22, both of Schuylkill Haven; Paula Crowe, 25; Charles Evers, 24; Lena Haynes, 63; Marc Johnson, 28; Victoria J. Morse, 31; Terri J. Parsons, 28; Maurice "Reese" Porter, 33; Samuel E. Pullins, 33; Basil Reaves, 40; John A. Rich, 47; Crystal Siluk, 25; Gregory Stewart, 20, all of Pottsville; and Donald J. McLean, 23, who was serving an unrelated prison sentence at the time of the sweep.

"It's just the way the buys went down," said Lawrence M. Cherba, senior deputy attorney general designated as an assistant district attorney for these cases.

"Once he goes into a building, we don't know where he's going," Cherba said, noting investigators had difficulty keeping track of Duckett on his buys.

For example, Duckett testified at a hearing April 21 that he was alone when he bought drugs from defendant Jamie P. Robbins, Pottsville, while police said they observed other people with Duckett and Robbins during the buy. The charges against Robbins were later dismissed.

Warner questioned Duckett's involvement with the task force.

According to Duckett's testimony, he was given $40 following each buy he made, but was never asked to take a urine test or told not to take drugs. Duckett testified that on a few of his buys, he snorted cocaine to "look good."

"He was a nightmare for everyone," Warner said of Duckett's involvement.

Although Duckett's testimony had kept Warner's clients out of jail, Warner said his time on the case ate up taxpayers' money.

"It started to unravel when I did interviews and people had iron-clad alibis," said Warner.

Duckett could not be reached for comment.

Daniel P. Rice, Arthur E. Hook, Leon G. Estep and Thomas J. Bowers, all from Pottsville, had alibis for the times Duckett cited that drug buys occurred; those alibis were corroborated by other witnesses.

Fisher's Deputy Press Secretary Kevin F. Harley said despite the large amount of dismissals, the arrests helped drug investigations on a state and local level.

In a sweep like this, suspects can often give up information on their suppliers, which will lead investigators higher up the criminal ladder, eventually arresting higher-echelon dealers, Harley said.

"There's usually not a lot of drugs seized in street-level drug arrests," said Harley. "The primary purpose is to investigate street-level drug dealers."

Drug busts where small-time dealers turn over larger suppliers "happen quite a bit," Harley said, pointing to a recent sweep in the Altoona area in which 11 dealers were charged with running a drug operation that brought drugs from Buffalo, N.Y, to Pennsylvania.

In the past few months, similar arrests have occurred in Pittsburgh and Pottstown.